IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI.

FEBRUARY TERM, 1874, AT ST. JOSEPH.

---

PEYTON V. HURT, Respondent, *vs.* LUCIUS SALISBURY, *et al.,*
Appellants.

1. *Corporation—Articles of Association not filed—Note issued by officers of company—Effect of.*—Where articles of association were duly acknowledged and recorded in the office of the recorder of the county where a corporation was located (Wagn. Stat., 333, § 2), but were not then filed with the Secretary of State (See Wagn. Stat., 289, 290, § 4), the officers of the corporation had no power to issue the note of the company; and a note issued and signed by them as directors, would bind them personally; and not the corporation.

"Corporate existence," as used in the latter enactment, means full authority to transact business.

*Appeal from Chariton Circuit Court.*

*Waters & Ray,* for Appellants.

310

I. The association in question takes its existence as a body corporate from the date of recording the certificates with the recorder of the county, and not from the time of filing the same with the Secretary of State, as specified in Sec. 4, of Art. I, page 289, 1 Wagn. Stat.

Where there are general provisions common to a variety of subjects of a kindred nature, and special provisions applicable to each particular class, and they happen to be inconsistent, or in conflict, then the special regulation shall control the general. Sec. 4 of Art. 1, and sec. 2 of Art. 7 of Chap. 37, are manifestly inconsistent. The first, being general, is subservient to the second, which is special. The latter section declares that, "The persons so acknowledging and giving said certificate and their associates and successors, shall for a term not exceeding fifty years next succeeding the recording of such certificate, be a body corporate, &c., &c.

This clearly fixes the time when its corporate existence commenced, and this section governs associations under this article to the exclusion of the general provisions contained in Sec. 4 of Art. 1, when the two are inconsistent with each other.

II. Under the theory of appellants, the note cannot bind them individually. (Murray vs. Caruthers, 1 Metc. [Ky.], 70.)

*Shackelford*, for Respondent.

I. Under § 4, Art. 1, Ch. 37, Wagn. Stat., the corporate existence of the corporation dates from the time of filing with the Secretary of State. The provisions of Art. 7, § 2 do not modify the former general provision.

II. If the corporation had no existence at the time of the execution of the note sued upon, then the persons signing the note were personally liable. It was their duty if they intended to act only as agents, to see that a principal was in existence who was bound by their acts. (See 38 Mo., 245 ; 27 Mo., 162 ; 20 Mo., 284.)

III. If a person undertakes to contract as agent for an individual or corporation, and contracts in a manner which is not legally binding upon his principal, he is personally responsible, and the agent when sued can exonerate himself from personal liability only by showing his authority to bind those for whom he has undertaken to act. It is not for plaintiff to show he had not authority; the defendant must show affirmatively that he had. (See Mott vs. Hicks, 1 Conn., 536; Tippets vs. Walker, 4 Mass., 595; Randall vs. VanUtcher, 19 Johns., 63; Steen vs. Wood, 7 Conn., 454.)

ADAMS, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff against the defendants on the following promissory note :

"($1,000.00.)          SALISBURY, Mo., February 22nd, 1869.

Twelve months after date, for value received, the undersigned as Directors of the North Missouri Central District Stock, Agricultural and Mechanical Association, promise to pay Peyton T. Hurt or order, the sum of One Thousand Dollars, negotiable and payable without defalcation or discount, and with interest from date at ten per cent. per annum.

"Signed: LUCIUS SALISBURY, M. L. HURT, ELI WAYLAND, M. B. WILLIAMS, J. A. JOHNSTON, Directors; JAMES W. LEWIS, as Director."

The petition charges, that the plaintiff loaned the defendants the money mentioned in the note on their individual responsibility and took this note as their personal contract for the same. The answer denied that the defendants borrowed the money on their personal responsibility and charged that they were acting as directors for the "North Missouri Central District Stock, Agricultural and Mechanical Association ; " that this association is and was when the note was given a corporation duly organized under the laws of this State, and the note was the note and contract of the corporation, and not the individual or personal note of the defendants. The plaintiff, by replication, denied the new matter set up in the answer. The

case was submitted to the court for trial and resulted in a verdict and judgment for the plaintiff.

From the evidence offered and given, the leading facts of the case are, that the corporation referred to was duly organized under section 2 of article 7, 1 Wagn. Stat., 333, (Genl. Stat. 1865, Chap. 62, § 2, p. 367), and that the certificate or articles of association were duly acknowledged and recorded in the Recorder's Office of Chariton County, where the corporation was located, on the 10th day of July, 1868, but were not filed with the Secretary of State under the provisions of section 4 of article 1, 1 Wagn. Stat., 289, till some time after the commencement of this suit.

Upon this state of facts, the court excluded the defense, and held the defendants personally liable. The only question raised by the record is as to the time the corporation had a legal existence to transact business. It may be, that the note itself being given in the name of the alleged corporation, would be sufficient in a suit against it upon the note, to estop it from denying its own existence. But this is a suit not against the corporation, but against individuals assuming to act as agents for an existing corporation. In such case it is their duty to prove that their principal had a legal existence, and was capable in law of borrowing the money and executing its note for it, at the time such note was given. The question, therefore, recurs as to the time when this corporation was authorized to commence its business. The solution of this question depends upon the two sections of the statute above referred to, which, in their construction, must be read together and reconciled if possible. Sec. 2 of chapter 62, Gen'l Statutes 1865, being Sec. 2, 1 Wagn. Stat., 289, provides that "Whenever any corporation shall be organized under the laws of this State, it shall be the duty of the officers of said corporation to file with the Secretary of State a copy of the articles of association or corporation, and the corporate existence of such corporation shall date from the time of filing said copy of such articles, and a certificate by the Secretary of State under the seal of the State, that said corporation has become duly organ-

ized, shall be taken by all courts of this State as evidence of
the corporate existence of such corporation," &c.    This sec-
tion clearly contemplates that all corporations which come
into existence by virtue of articles of association under the
laws of this State, must, through their officers, file with the Secre-
tary of State a copy of such articles, and that the date of their
"corporate existence" shall be that of the filing of the articles
in the Secretary's Office.    The meaning of the phrase, "corpor-
ate existence," as used here, must be when the corporation is
fully authorized to transact all business for which it was cre-
ated.    Undoubtedly this section refers to corporations which
have already been organized under some other provisions of
our statute, by means of articles of association voluntarily
entered into for that purpose, but whose powers to transact
business must lie dormant until a copy of the articles shall be
filed with the Secretary of State.    That was precisely the case
with this corporation. It had organized under section 2, Chap.
69, Gen'l Statutes, 1865, page 367, by signing and acknowl-
edging and recording in the Recorder's Office of the proper
county the articles of association.    This step being taken, it
was an organized corporation, not for the transaction of bus-
iness, but for the purpose of taking the next and last step to
complete its authority to transact business, and give a date to
its legal existence.    Until the officers took this final and ne-
cessary step by depositing and filing in the office of the Secre-
tary of State a copy of the articles of association as they stood
recorded in the county, this corporation had no power to issue
the note sued on.    As it had no power to issue this note, the
defendants are undoubtedly liable.

Under this view, the judgment must be affirmed.    All the
judges concur.