RICHARDSON v. PITTS *et al.*, *Plaintiffs in Error.*

Corporation: FAILURE TO BECOME INCORPORATE: LIABILITY OF ASSOCI-
ATES AMONG THEMSELVES FOR DEBTS OF ASSOCIATION. The managers of an association supposed by its members to have been duly incorporated, in pursuance of authority given by their associates, made expenditures and incurred liabilities on behalf of the supposed corporation. It turned out, however, that owing to failure to file the requisite certificate with the Secretary of State, the association had never become a corporation, in consequence of which the managing members became personally bound and did pay all the debts. *Held,* that their associates were bound to share the loss with them, each in proportion to the stock subscribed by him, and the fact that any subscriber had paid up his subscription in full, or had paid the double liability to which stockholders in corporations were at one time subject, did not exempt him from liability for further contribution, but he was entitled, upon an accounting, to be allowed for such payments.

*Error to Howard Circuit Court.*—Hon. Geo. H. Burckhartt, Judge.

Affirmed.

The circuit court decreed that an account be had and taken between plaintiffs and defendants, as partners, each party to be held responsible in proportion to stock sub- scribed to the articles of association.

*Jas. H. Robertson* and *N. C. Kouns* for plaintiffs in error.

*C. A. Winslow* and *Shackelford, Herndon & Herndon* for defendants in error.

Henry, J.—Plaintiffs and defendants attempted to incorporate "The Roanoke Central District Mechanical & Agricultural Association," but failed to file articles of association with the Secretary of State, and, therefore, under the decision of this court in *Hurt v. Salisbury*, 55 Mo. 310, the company acquired no corporate existence. In order to carry on the business of the supposed corporation, plaintiffs, selected for the purpose by their associates, expended, and in their individual capacity became liable, as sureties, for the corporation, for about the sum of $3,600. Judgments were obtained against the company as a corporation, and its real estate was sold and purchased by the association, at the price of $2,000, which was paid by certain of the members named in the petition, each paying an amount specified in the petition. There remained of said judgments unpaid a balance of $537.29, and there were also other debts outstanding against the association. This suit was against all the members of the company, for an account and settlement of its affairs. The original petition alleged the foregoing facts and asked a decree for the sale of said land for the payment of said debts, and for the payment by each member of his proportional share to make.

9—71

up any deficiency, and for general relief. No bill of exceptions was preserved, and, therefore, we have to consider only such errors, if any, as appear in the record proper.

There was a demurrer to the original petition, which was overruled, but the defendants afterward filed their answer, and thereby waived the demurrer. No exceptions were saved to any declaration of law, or the refusal to make any, but as this is a chancery cause, it is immaterial, if the court rendered the proper judgment, whether it erred or not in giving or refusing declarations of law. The third assignment of errors, that the petition is multifarious, was not raised by demurrer, and cannot now be considered. The court did not err in ordering an amendment to the original petition to bring before it all parties interested in the controversy. The court had jurisdiction. It was a personal action and a portion of the defendants resided in Howard county, where the suit was instituted. It does not matter that there was no verdict or finding of facts upon which the judgment was rendered. The court was not required by law to submit issues to a jury for trial. If it had in its discretion done so, it could have disregarded the verdict of the jury in rendering a judgment in the case. *Burt v. Rynex*, 48 Mo. 309; *Deitrich v. Franz*, 47 Mo. 85. The objection is equally futile, that the court submitted a question of law to the jury; the court ultimately tried the cause without the intervention of the jury, as it was authorized to do.

This brings us to the main question in the case, and the only one, we think, worthy of serious consideration. Were all the members of the association liable for its debts? It is immaterial whether they be called partners or are otherwise designated. They inaugurated an enterprise, and appointed certain of their number for all, to purchase and make improvements upon land necessary to the business they contemplated; they adopted articles of association, with a view to incorporation, but in consequence of a misconstruction or misunderstanding of the law, failed to

become incorporated; and the managing members, who incurred the debts became personally liable under the decision of *Hurt v. Salisbury*, supposing the association as a corporation bound; and the simple question is, whether the other members of the association are exempt from liability, because they have paid for all the stock subscribed for by them, and some of them under the supposition that it was a corporation, double the amount of their subscriptions under the law applicable to stockholders in corporations. We think not; the debts were incurred for them by their associates appointed for the purpose, and it would be grossly inequitable and unjust to throw the whole burden upon them. In a settlement those who have paid double the amount of stock subscribed by them should be credited with the amount so paid without regard to the double liability imposed upon holders of stock of a corporation. That has no application to the members of this unincorporated association. These views are in full accord with those expressed in the following cases, and are so equitable and just as to commend themselves if no authority could be cited to sustain them: *Hill v. Beach*, 12 N. J. Eq. 31; *Pettis v. Atkins*, 60 Ill. 454; *Flagg v. Stowe*, 85 Id. 164; *Abbott v. Smelting Co.*, 4 Neb. 416. They were substantially adopted and applied by the circuit court in the judgment rendered herein, and that judgment in affirmed. All concur.