THE RAILROAD GAZETTE, Appellant, v. FRANKLIN P. WHERRY *et al.*, Defendants; STEPHEN JOHNSON and FRANK W. CRAM, Respondents.

St. Louis Court of Appeals, May 15, 1894.

Partnership.: INCHOATE INCORPORATION. The projectors of a corporation can not be held individually liable as partners for a debt contracted in the corporate name after all the necessary steps in the process of incorporation have been taken; and, even when some such step has been omitted, a projector who took no part in contracting the debt can only be held for its payment upon proof either of an estoppel, or of facts establishing that he authorized the contract out of which the indebtedness arose.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Henry B. Davis* and *Henry M. Post* for appellant.

Wherry procured all the paraphernalia of a corporation, letter heads, envelopes, etc., with the name of the corporation printed thereon, and with such letter heads and envelopes carried on the correspondence with plaintiff by which the contract sued on was made in the name of the pseudo-corporation. Meanwhile the certificate of incorporation was not filed in the recorder's office, as required by law, and the corporation had no legal existence. It will not do for the defendants to say that they took no further action in the matter. They must take the consequences of their own acts. The second instruction prayed by plaintiff should have been given without change; and the instruction given for defendants should have been refused. *Richardson v. Pitts*, 71 Mo. 128; *Hurt v.*

*Salisbury*, 55 Mo. 311; *Martin v. Fewell*, 79 Mo. 401; *Hill v. Beach*, 1 Beasley, 31; *Ash v. Gill*, 97 Pa. St. 493; *Bigelow v. Gregory*, 73 Ill. 197; *Cresswell v. Overly*, 17 Ill. App. 281; *Stowe v. Flagg*, 72 Ill. 397; *Abbott v. Smelting Co.*, 4 Neb. 416; *Kaiser v. Lawrence Sav. Bank*, 56 Iowa, 104; *Holbrook v. Ins. Co.*, 25 Minn. 229; *Harris v. McGregor*, 29 Cal. 125.

*C. P. & J. D. Johnson* for respondents.

(1) The record fails to disclose that the Keystone Car Coupler Company was not duly incorporated. That fact could only be shown by the Illinois statute, and the latter and relative portions thereof were not preserved by the bill of exceptions. Our courts do not take judicial notice of the statute laws of other states; but the same, when relevant, must be proved like other facts. *Flato v. Mulhall*, 72 Mo. 522; *State v. Pagels*, 92 Mo. 300; *Rohan, etc., v. Richmond*, 14 Mo. App. 595; *Conrad v. Fisher,* 37 Mo. App. 371; R. S., sec. 4835. (2) It is only where persons actually carry on a business, or make or authorize contracts to be made in the case of an abortive corporation, that they lay themselves liable as copartners. *Hurt v. Salisbury*, 55 Mo. 311; *Ferris v. Thaw*, 72 Mo. 447; *Hulett v. Nugent*, 71 Mo. 131; *Martin v. Fewell*, 79 Mo. 41; *Ferris v. Thaw*, 5 Mo. App. 279; *Fay v. Richmond*, 18 Mo. App. 362; *Glenn v. Bergman*, 20 Mo. App. 344.

ROMBAUER, P. J.—This is an action to hold the defendants liable as partners for the cost of an advertisement by defendant Wherry in a newspaper owned by plaintiff in the city of New York. The defendants filed an answer denying the partnership under oath. Upon the trial of the cause before a jury the plaintiff recovered judgment against the defendants Wherry and

Barnes, but judgment was rendered in favor of the defendants, Johnson and Cram, and the plaintiff appeals.

The respondent defendants are sought to be held liable on the theory that they were the projectors of a a corporation, and contracted the bill sued on before the corporation was fully organized, and hence must be held to have contracted as joint obligors without any corporate immunity as to the extent of their liability. That such is the law has been decided in the cases of *Hurt v. Salisbury*, 55 Mo. 310; *Richardson v. Pitts*, 71 Mo. 128; and *Martin v. Fewell*, 79 Mo. 401. In *Granby Mining Co. v. Richards*, 95 Mo. 106, however, the rule established in *Hurt v. Salisbury, supra*, is limited, and held properly applicable only to cases where some necessary step *in the process of incorporation* has been omitted.

Now, in the case at bar, the corporation, according to plaintiff's evidence, was fully organized. The plaintiff offered in evidence the certificate of the secretary of the state of Illinois, purporting to show that a final certificate of incorporation was issued to the Keystone Car Coupler Company (in whose name the bill herein sued for was contracted) as early as August 19, 1889, whereas the bill sued on was not contracted until September 18, 1889. It is true the plaintiff claims that such certificate was not recorded in the recorder's office of St. Clair county, Illinois, where the corporation was situated, until after the contraction of the bill, and that such record was essential to secure corporate immunity to the defendants. The difficulty with this argument is threefold. *First*, it nowhere appears, except by the vaguest inference, that this certificate was not recorded in St. Clair county, Illinois, prior to September 18, 1889; *secondly*, it nowhere appears that such record was essential to a complete corporate existence;

*thirdly*, it nowhere appears that it was a necessary step *in the process of incorporation*. Hence, even if the necessity of antecedent record and its failure were shown by the bill of exceptions, it is, to say the least, doubtful whether such facts, under the decision of the supreme court in *Granby Mining Co. v. Richards, supra*, would render the defendants individually responsible as partners for a bill contracted in the corporate name *after* the issue of the final certificate of incorporation.

There is, however, another obstacle to the plaintiff's recovery against the defendants, Johnson and Cram. It nowhere appears that these defendants ever authorized Wherry, who contracted the bill as president of the corporation, actual or proposed, to contract any such bill or to make any contract whatever. Wherry, as far as this record shows, never was either elected or selected as agent of these defendants, or as president of the corporation, by any one. As far as the record shows, he assumed to act without any legal warrant whatever to bind any one but himself. These defendants, as far as the record shows, never participated in any corporate meeting and never derived any benefit whatever from the corporation. In that respect the case is essentially different from the three cases above cited, decided in this state. It can not be contended that anyone, who participates as a projector, in the organization of a proposed corporation can be held individually liable for every contract which any other projector sees fit to make in the name of the contemplated corporation, although such contract is made without the authority, sanction or knowledge of the party thus sought to be held liable. If a case of that kind is conceivable at all, the liability could be supported only on some element of estoppel, which is wholly missing in this case. The plaintiff concedes that it knew neither Johnson nor Cram, and did not know that any such men were in

existence. It contracted on the faith of the credit of a supposed corporation, and on the faith of no other credit.

As all the evidence in the case, viewing it in the light most favorable to plaintiff, shows no right of recovery against the defendants, Johnson and Cram, the judgment in their favor is a necessary conclusion of law and must be affirmed. Judge BOND concurs: Judge BIGGS is absent.