STATE OF MISSOURI *ex rel.* JAMES H. WHITE, Appellant, v. AMERICAN MEDICAL COLLEGE, *et al.,* Respondents.

St. Louis Court of Appeals, November 7, 1894.

1. **Corporations for Educational Purposes**: COMMENCEMENT OF CORPORATE EXISTENCE. The corporate existence of a corporation for educational purposes began, under the General Statutes of 1865, not with the decree of incorporation made by the circuit court, but with the date of the filing of that decree in the office of the secretary of state; and it continued for twenty years from the latter date.

2. ———: ———. The term of the corporate existence of such an organization will not be affected by the fact, that, for several years intermediate between the date of the decree and of such filing thereof, the organization acted as a *de facto* corporation.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Wm. Zachritz* and *P. H. Bierman* for appellant.

(1) The respondents, having acted as a corporation, and having held themselves out to the world as such, and having enjoyed the benefits and immunities belonging to a valid corporation continuously since the order of the circuit court in May, 1873, granting the certificate of incorporation, are now estopped from asserting that the existence of the corporation did not begin until 1880, when a copy of their articles of association was filed in the secretary of state's office, and a certificate to that effect was issued by the secretary of state. *Railroad v. McPherson*, 35 Mo. 13; Cook on Stockholders [3 Ed.], sec. 5. (2) Under

article 8, chapter 37, Wagner's Statutes, the American Medical College of St. Louis was made a corporation, with all the powers and privileges of such, by the order and certificate of the circuit court, of May 28, 1873, for a period of twenty years from that time, and no longer. The certificate in terms declares it, then and there, a body politic and corporate, with all the powers and privileges of a corporation. (3) Even if the filing of the articles of association in the office of the secretary of state was a prerequisite to the beginning of the existence of the corporation, that must be done within a reasonable time after the granting of the certificate by the circuit court, or the charter will lose its vitality and become incapable of forming the groundwork of a corporation; and seven years are not a reasonable time within which to file the copy with the secretary of state.

*Wm. M. Kinsey* for respondents.

BOND, J.—This is an information, in the nature of a *quo warranto*, against the defendant corporation and the other defendants claiming to act in a corporate capacity, alleging that the American Medical College of St. Louis was duly incorporated by decree of the circuit court of the city of St. Louis on the twenty-eighth day of May, 1873, and for twenty years thereafter; that said corporate franchise expired by charter limitation on the twenty-eighth day of May, 1893, since which time the said American Medical College, and other defendants claiming to be its officers and agents, have unlawfully assumed and exercised the powers and franchises of a corporation. Wherefore it prayed that answer might be made by what authority defendants claim the right, privileges and franchises

used by them, as aforesaid, and for judgment of dissolution and exclusion of defendants, etc.

The return of defendants shows that a petition for incorporation was filed in the circuit court, city of St. Louis, on the — day of May, 1873, alleging that the petitioners therein had organized an association under the name of the "American Medical College;" that said articles of association were duly annexed to said petition, and on the twenty-eighth day of May, 1873, said circuit court ordered that the application for incorporation and articles of association be filed, and that a certificate in conformity with the act of the general assembly of the state of Missouri, entitled an act concerning private corporations, approved March 19, 1866, be issued; that thereafter, to wit, on the twenty-eight day of April, 1880, the officers of the said American College of St. Louis caused a copy of said petition and articles of association, and of said order of the circuit court duly certified under the seal thereof, to be filed in the office of the secretary of state of the state of Missouri, and that thereupon the said secretary of state issued to the said American Medical College of St. Louis, under the great seal of the state of Missouri, his certificate as required by law, dated the first day of May, 1880; that upon the issuance of said last named certificate the said American Medical College became and is now a corporation under the laws of Missouri, and as such has used and still uses the rights, privileges and franchises so granted during the time in said information mentioned.

Plaintiff demurred generally to said return, which being overruled, an appeal was taken.

The pleadings in this case present only one question for determination, viz: Whether the incorporation of the American Medical College *was completed* by the decree of the circuit court, or by the subsequent filing

of said decree and its articles of association in the office of the secretary of state?

The decree of the circuit court was made on the twenty-eighth day of May, 1873; the filing of the articles, etc., was had on April 28, 1880. Under the law in force at the time, twenty years was the duration of all charters wherein, as in this case, no period of time was limited. Gen. Stat., 1865, title 24, chapter 62, p. 326.

It is insisted by appellant that the chartered life of the American Medical College began at the date of the rendition of said decree, and that it expired after the lapse of twenty years, to wit, on May 28, 1893; and that all corporate powers and franchises thereafter assumed and exercised by defendants were mere usurpations.

We are unable to concur in this view. When the proceedings looking to the incorporation of the American Medical College were begun in the circuit court, a general statutory provision relating to the organization of corporations was in force, of the following tenor, to wit:

"Whenever any corporation shall be organized under the laws of this state, it shall be the duty of the officers of said corporation to file with the secretary of state a copy of the articles of association or incorporation, and the corporate existence of such corporation shall date from the time of filing said copy of such articles." Gen. Stat. 1865, title 24, chapter 62, section 2, p. 327. The language of this section as to the date of the "corporate existence" of any corporation precludes any misconstruction, and conclusively fixes the time of the filing of the articles of association or incorporation as the commencement of corporate life. This also has been expressly adjudged to be its effect by repeated decisions of the supreme court, holding that

the filing of articles of association as prescribed in this section is a condition precedent to valid incorporation. *Hurt v. Salisbury*, 55 Mo. 310; *Richardson v. Pitts*, 71 Mo. 128; *Granby Mining Co. v. Richards*, 95 Mo. 110. Our conclusion is, therefore, that the defendant college did not become a corporation *de jure* until its articles of association were filed with the secretary of state. It may be granted, as argued by appellant, that the defendant college for several years previous to the filing of its articles acted as a *de facto* corporation, and as such might have incurred liabilities in its course of business which it would have been estopped to repudiate. Still, such estoppels, if they existed, could not operate in favor of the present proceeding. The state was most certainly no party to any estoppels created by the business dealings of the defendant, and it is familiar law that estoppels do not enure to the benefit of others than parties thereto.

We think it clear that the state might have preferred *quo warranto* for unauthorized assumption of corporate franchises by defendant before the filing of its articles, as prescribed by the preceding section. Instead of taking that course, the state has instituted the present proceeding based on the contrary theory, that the defendant was legally incorporated prior to the filing of its articles by the mere order of the circuit court. This, as we have seen, is an erroneous conception of the law.

The judgment of the circuit court overruling the demurrer to defendant's return was, therefore, correct and will be affirmed. All concur.