RYLAND v. HOLLINGER et al.

(Circuit Court of Appeals, Eighth Circuit.   July 28, 1902.)

No. 1,668.

1. CORPORATIONS—CORPORATE EXISTENCE—COMMENCEMENT.

Rev. St. Mo. § 2492, provides that officers of a corporation shall file with the secretary of state a copy of the articles of association, that the corporate existence shall date from the time of such filing, and that a certified copy of a certificate of the secretary of state that the corporation is organized shall be filed in the office of the recorder of deeds of the county in which the corporation is organized. *Held*, that on a compliance with such requirements the corporate existence commenced.

2. SAME—COMPLIANCE WITH STATUTES.

The statutes relative to corporations require filing of a certified copy of the articles, establishment of an office, election of officers, and payment for stock.   Rev. St. Mo. §§ 961, 1283, provide for the collection of stock subscriptions, and section 1024 gives a remedy where there is a failure to keep an office in the state.   *Held* that, as to such acts required to be done after the formation of the corporation, failure to perform them for a brief time could not affect the status of the corporation.

3. SAME—TERMINATION OF EXISTENCE.

In respect to such acts the right of the corporation to continued existence can only be questioned by the state in a direct proceeding.

4. SAME—LIABILITY OF STOCKHOLDERS.

Neither stockholders nor promoters can be held liable, individually or as partners, on contracts made or liabilities incurred by an existing corporation.

5. SAME.

In Missouri, if persons who sign articles for incorporation contract debts or incur liabilities in the name of the projected corporation, before all acts necessary to bring the corporation into existence have been performed, such persons may be held liable as partners.

6. SAME—PLEADING—COMPLAINT.

In an action against the incorporators of a corporation to hold them liable as partners on a note transferred by it the complaint alleged that the note was sold by the corporation and the proceeds received before any certificate of incorporation was issued by the secretary of state, and that such proceeds were retained and used.   *Held*, that the complaint was bad on demurrer for not alleging any indorsement by the corporation prior to the issuance of the certificate by the secretary of state.

7. SAME—COMPLAINT—ALLEGATIONS.

When in a suit to hold incorporators liable as partners on a transaction had before corporate existence the complaint alleged the articles of association were signed "on or about" a certain date, the allegation must be taken against the pleader, as meaning the articles were signed on or before the date named.

8. SAME—CONSTRUCTION OF COMPLAINT.

In an action against incorporators to hold them liable as partners on a note indorsed by them on behalf of the corporation prior to the issuance of a certificate by the secretary of state, the complaint alleged that the articles of incorporation were signed and acknowledged on or about

¶ 3. See Corporations, vol. 12, Cent. Dig. § 78.

September 29th. The allegation was followed immediately by allegations that the articles were filed in the office of the recorder of deeds at Kansas City, and a certified copy thereof filed in the office of the secretary of state, who issued to the parties the certificate of incorporation. No other date than the one first given was stated as the date of any of these acts. The acts were stated in connected sequence, the word "and," wherever omitted, being understood. It was alleged the note was made "on or about September 29th." *Held*, that the pleading, by proper construction, alleged the issuance of the certificate by the secretary of state on or prior to September 29th, when the note was made; and, had the complaint alleged an indorsement prior to the issuance of the certificate, such allegation would have been rendered nugatory by the other allegations.

In Error to the Circuit Court of the United States for the District of Kansas.

Action by Isaac P. Ryland against E. C. Hollinger and others. There was judgment for defendants, and plaintiff brings error. Affirmed.

In this action the plaintiff in error seeks to recover of the defendants in error and others, as copartners using the firm name of A. J. Gillespie Commission Company, and one T. Kinahan, upon seven promissory notes, for varying amounts, all made at Kansas City, Kan., September 29, 1898, by said Kinahan, and payable, with interest as stated, to the A. J. Gillespie Commission Company, or order, at the Interstate National Bank, Kansas City, Kan., at specified dates, and all indorsed, "A. J. Gillespie Commission Co., by J. S. Hollinger, Pt.;" which notes said A. J. Gillespie Commission Company transferred for value, before maturity, and which are held and owned by the plaintiff, and are unpaid, and were duly protested for nonpayment. The facts set forth in the amended petition, on which it is claimed that the defendants in error are liable as partners, are, in substance: That they, with other defendants named, on or about the 29th day of September, 1898, signed and acknowledged articles of agreement for incorporation under the name of the A. J. Gillespie Commission Company, located at Kansas City, Jackson county, Mo.; its capital being $100,000, in shares of $100 each. That such articles were executed in accordance with the laws of the state of Missouri, and were filed in the office of the recorder of deeds at Kansas City, Mo., and a certified copy thereof filed in the office of the secretary of state of that state, who issued to such parties a certificate of incorporation. It is further alleged that, though the persons executing the said articles subscribed for stock of such corporation, they never intended to take, and have not taken, any of the stock; and have not, and never intended to have, any office of such corporation in the state of Missouri, but to have its only office in the state of Kansas; and that the notes in suit were made and delivered to the A. J. Gillespie Commission Company, and by that company sold, and the proceeds received, before any certificate of incorporation was issued by said secretary of state; and that such proceeds went into the treasury of said association, and were retained and used after the issuing of said certificate. There is, however, no allegation that any of said notes were so indorsed by the A. J. Gillespie Commission Company, or transferred or delivered by that company to any one, before the said certificate of incorporation was issued. The defendants in error demurred to said amended petition on the ground that it did not state facts sufficient to constitute a cause of action against them. The demurrers were sustained, and, as the plaintiff elected to stand by this pleading, judgment was rendered in favor of the defendants who had demurred.

R. E. Ball and N. H. Loomis, for plaintiff in error.

G. W. Hurd and T. E. Dewey, for defendants in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

1. The amended petition alleges that the articles of agreement for incorporation of the A. J. Gillespie Commission Company were signed and acknowledged in accordance with the laws of Missouri, and for amounts of stock aggregating its entire capital, "on or about" the 29th day of September, 1898, and were filed in the office of the recorder of deeds at Kansas City, Mo., where by the articles the corporation was located, and a certified copy thereof filed in the office of the secretary of state of Missouri, who issued to the incorporators a certificate of incorporation. These were all the steps necessary to form ᴀr ᴌ constitute a valid corporation, the existence of which began when the secretary of state issued the certificate of incorporation. Rev. St. Mo. § 2492.

2. Other allegations of the amended petition seeking to assail the validity of the corporation are irrelevant, as they relate to matters to be done after the corporation had come into existence. The recording of a certified copy of the certificate of incorporation, establishing an office in the state for the transaction of business, election of resident directors, and payment for the stock subscribed, are all acts to be done after the corporation had become an existing body. Rev. St. Mo. §§ 961, 1283, provide for the collection of stock subscriptions, and Id. § 1024, gives the remedy where there is failure to keep an office in the state. As to any of these acts to be done after the corporation became an existing body, there could be no failure affecting its status or corporate rights within the brief time covered by these allegations of the amended petition; and as to such matters the right of the corporation to continued existence can only be questioned by the state in a direct proceeding. Smelting Co. v. Richards, 95 Mo. 106, 8 S. W. 246.

3. Neither stockholders nor promoters can be held liable, individually or as partners, on contracts made or liabilities incurred by an existing corporation. In Missouri it is held that, if persons who sign articles for incorporation contract debts or incur liabilities in the name of the projected corporation before all acts necessary to bring the corporation into existence have been performed, such persons may be held liable as partners. Hurt v. Salisbury, 55 Mo. 310; Richardson v. Pitts, 71 Mo. 128; Martin v. Fewell, 79 Mo. 401; Carpet Co. v. Crawford, 127 Mo. 356, 30 S. W. 163.

4. The serious question in the case is raised by the tenth assignment of error, based on the allegation of the amended petition that the notes in suit were "executed and delivered to the said A. J. Gillespie Commission Company, and by them sold, and the proceeds thereof received by said company, before any certificate of incorporation was issued by the secretary of state of the state of Missouri; and that said proceeds went into the treasury of said association, and were by them retained and used after the issuance of said certificate." If this allegation can be held to state acts done by the signers of the articles, which incurred liability in the name of the corporation, before the secretary of state issued the certificate of incorporation, and if such statement is not nullified as being repugnant to and inconsistent with other

and more particular allegations of fact in the same pleading, it will sustain that assignment of error; otherwise it will not. The sole acts done which incurred any liability in the name of the corporation were the indorsement of the corporate name upon the notes, and their delivery so indorsed. But it is not alleged in the extract above quoted, nor elsewhere in the amended petition, that any of the notes were indorsed in the corporate name or delivered to any one before the secretary of state had issued the certificate. The averment that they had, before the certificate was issued, sold the notes and received the proceeds, which were put into the treasury of the corporation after the certificate was issued, states no fact from which any obligation in the name of the corporation could arise. The only obligation ever incurred rests on the indorsement in the corporate name, which, for aught that is alleged, may have been made after the certificate was issued, and when the proceeds were placed in the treasury of the corporation, though the notes had been bargained and proceeds paid over to go to the corporation upon indorsement and delivery of the notes. A pleader is required to state material facts with directness and reasonable certainty, and upon demurrer it cannot be held sufficient that the pleading contains loose statements, from which the existence of material facts, not alleged, may be surmised. Again, the whole of the above-quoted allegation is so plainly repugnant to the other allegations of the same pleading that it is nullified. A pleading must be considered as a whole, and construed upon demurrer most strongly against the pleader wherever its allegations are doubtful or inconsistent. It is averred that the articles for incorporation were signed and acknowledged "on or about the 29th day of September, 1898." It is not alleged that these acts were done after that date, and, applying the rule just referred to to this averment, it must be held equivalent to an allegation that the articles were so executed on or shortly before the date named. This is followed immediately by allegations that the articles were filed in the office of the recorder of deeds at Kansas City, Mo., and a certified copy thereof filed in the office of the secretary of state, who issued to the parties the certificate of incorporation. No other date than the one first given is stated as the date of any of these acts. "When in one continued sentence, or in several sentences connected with the conjunction 'and,' several facts are stated, the time, though only once alleged, will apply to each fact." 1 Chit. Pl. 274. These several acts are stated in connected sequence, and whenever the conjunction "and" is omitted between any of the clauses it is understood and implied, so that, if now written in, it would make no shade of change in the sense. It follows that under proper construction this pleading alleges that all these acts, including the issuing by the secretary of the certificate of incorporation, occurred on or shortly prior to September 29, 1898. It devolved on the plaintiff to show, and, of course, to allege with certainty, that these acts, or some of them, occurred after the indorsement of the notes in suit, in order to present any case against these defendants. Statements of facts, purposely made vague, and which, if accepted with all their vagueness, can only cast doubt, surely state no case. That the statements are purposely made vague is manifest from the fact that most of these allegations are

concerning matters of public record, which the plaintiff could hardly learn of without learning also of the dates connected with the same.

Turning to the allegations concerning the notes, the first note counted on is alleged to have been made "on or about September 29, 1898." The other six notes are alleged to have been made on September 29, 1898, and the copies of the seven notes attached to the pleading show that all bear that date. All other acts connected with said notes, including their indorsement and transfer, were necessarily subsequent to the making, and not earlier than September 29, 1898. It must therefore be held that the amended complaint, when properly construed, avers facts showing that the corporation came into existence not later than September 29, 1898, the very day when the notes were made and delivered to the company, according to the same pleading; and therefore that the allegation that the notes were sold and the proceeds received, etc., before the certificate of incorporation issued, is, on the face of the pleading, a futile attempt to aver that, although all these matters occurred on the same day, yet the issuing of the certificate was later as an undefined matter of moments. But in respect to such matters a day is an indivisible unit of time. And even had the pleading alleged, as it does not, that the indorsement of the notes was before the certificate issued, such allegation would have been nugatory, and contradicted by the other averments.

The demurrers were properly sustained, and the judgment is affirmed.