### SEMCO COLOR PRESS CO. v. BONDED RESERVE LIFE INS. CO. et al.

No. 20932. Opinion Filed April 19, 1932.

Rehearing Denied May 24, 1932.

C. E. Morrison, for plaintiff in error.

Mont R. Powell, J. E. Layden, and H. E. Keim, for defendants in error.

HEFNER, J. This is an action brought in the district court of Oklahoma county by Semco Color Press, a corporation, against E. C. Freeman, Floyd E. Felt, J. T. Dickerson, O. M. Joiner, J. E. Layden, C. A. Mixon, John W. Underwood, J. E. Harbison, F. W. Pinney, C. C. Zeigler, F. E. Riddle, Wm. Inman, F. E. Gilmore, and Bonded Reserve Life Insurance Company to recover the sum of $225, the alleged purchase price of certain stationery and office supplies. No service was ever had upon F. E. Gilmore or the Bonded Reserve Life Insurance Company, and the cause went to trial only as to the other defendants.

Plaintiff's cause of action is based on the theory that defendants were promoters of the Bonded Reserve Life Insurance Company and intended to incorporate such concern as a corporation; that the office supplies were purchased by defendant Gilmore as their agent; that no charter was ever issued the intended corporation, and defendants were therefore personally liable for the indebtedness.

The trial was to the court, and at the conclusion of plaintiff's evidence, defendants demurred thereto on the ground that it was insufficient to authorize a judgment against them. The demurrer was sustained and plaintiff's cause of action dismissed.

Plaintiff has appealed and assigns the above ruling as error. To sustain its cause of action, plaintiff introduced the evidence of Mr. McKown, vice president of plaintiff corporation, who, in substance, testified he entered into a contract with defendant Gilmore for the sale of the supplies in question; Gilmore stated to him he was representing the Bonded Reserve Life Insurance Company and that defendants were stockholders and officers of that company; Gilmore presented him with certain printed stationery showing the defendants to be stockholders and officers, and also presented him with photographs of some of the defendants; that defendants signed and verified articles of incorporation for the purpose of incorporation, but that no charter was ever issued. There was no evidence tending to show that defendants were active in promoting the corporation, or that they authorized Gilmore to contract in their behalf; nor is there any evidence that defendants held themselves out as promoters of the concern.

In Rutherford v. Hill (Ore.) 29 P. 546, the following rule is announced:

"The mere act of executing and filing articles of incorporation by three persons under the laws of Oregon, without doing anything further towards effecting an organization or carrying on the proposed business, does not create a partnership between the signers of such articles, so as to make the others liable for the debts incurred by one of the signers, who assumed to do business under the proposed corporate name."

In Mitchell v. Jensen (Utah) 81 P. 165, the court said:

"Where it is sought to hold defendants liable as partners merely because of their connection with an abortive corporation, findings of fact showing defendants' participation in or authorization of the conduct of the business carried on in its name, or some holding out in respect thereto as principals in the business, or facts from which such matters may be inferred, are essential to entitle plaintiff to a judgment in his favor."

In Wheeler & Motter Merc. Co. v. Lamerton, 8 Fed. (2d) 957, under facts similar to those here involved, the Circuit Court of Appeals for the 8th Circuit said:

"In the absence of statutes to the contrary, the signer of articles of incorporation thereby gives no authority to his cosigners, and does not constitute them, or any of them, his agent or agents, prior to the conclusion of the incorporation, to purchase for the proposed corporation, for him or them, or to make him or them liable for goods, merchandise, or other property requisite or convenient for the expected business of the proposed corporation. The rule, caveat emptor, governs vendors under such circumstances. The authority or agency granted to the cosigners is limited to the performance of the acts necessary to perfect the organization of the corporation. Nor does the fact that one signs and verifies the articles of incorporation and subscribes for capital stock in a proposed corporation make him a promoter thereof, within the legal significance of that equivocal and ambiguous term in cases of this character."

To the same effect is the case of Benton v. Minn. Tailoring & Mfg. Co. (Minn.) 76 N. W. 265.

Under the above authorities, plaintiff's evidence is insufficient to establish liability against defendants. Plaintiff cites numerous authorities which announce the rule that, where a number of persons associate themselves together intending to incorporate and fail to perfect the organization and obtain a charter, but proceed to do business and contract obligations in the name and style of such corporation, the parties with whom the proposed corporation contracts may hold them liable as partners. We think the evidence in the case at bar fails to bring the same within this rule. It does not show that, after failure to obtain a charter, business was conducted by them in the name of the Bonded Reserve Life Insurance Company.

In Farmers' State Bank v. Kuchs (Mo. App.) 147 S. W. 862, the court, after conceding the general rule to be as contended by plaintiff, said:

"* * * But the mere facts that an abortive attempt to incorporate was made, and that one of the incorporators, without authority, express or implied, assumed the right to act as the agent of the corporation, and as such agent contracted debts in the name of the corporation, of themselves, are not sufficient to impose a liability for the payment of such debts upon the innocent projectors. Railroad Gazette v. Wherry, 58 Mo. App. 423.

"A liability of the character sought to be enforced by plaintiff must be supported by some element of estoppel; that is to say, the burden was on the plaintiff to show that defendants, by act or word, gave Ralston either express or implied authority to assume control of the creamery in the name of the proposed corporation, and to enter into contracts in its name. * * *"

This case clearly distinguishes between cases of the character here involved and cases relied upon by plaintiff.

The evidence offered by plaintiff establishes liability of F. E. Gilmore alone, but no service was had upon him. The evidence is insufficient to authorize a judgment against the other defendants, and the court ruled correctly in sustaining a demurrer thereto.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., absent.