SEABURY & JOHNSON v. ENOCH BOLLES, Jr., CHARLES I. BOLLES AND DAVID S. CROWELL.

1. When the question whether a partnership exists is a matter of doubt to be decided by inferences to be drawn from all the evidence, it is one of fact for the jury; and the court should not non-suit, or direct the jury to find a verdict for the plaintiff or defendant.
2. If a person be held out as a partner, who is not such, it must appear that the holding out was done by him, or by his consent, and it must have been known to the person seeking to avail himself of it.
3. Admissions and conduct in the presence of others which tend to show that a defendant is a partner, are competent evidence to charge him as such.
4. A right to receive a share of the profits of a business does not furnish an invariable test of a partnership; the real ground of liability is that the trade has been carried on by persons acting in his behalf, establishing the relation of principal and agent.
5. Where a promissory note has been given for an account, it is admissible as evidence of the amount of indebtedness, without producing the books containing the account.

---

On *certiorari* to the Second District Court of the city of Newark.

The plaintiffs, a corporation of the State of New York, brought suit on a book account for chemical goods sold and delivered to Bolles Brothers, a firm of druggists, which is claimed to be composed of the three defendants. It was tried before a jury, and the verdict and judgment thereon were for the plaintiffs, $142.92 debt, and $10.65 costs. On appeal by David S. Crowell, one of the defendants, the judgment was affirmed in the Court of Common Pleas.

Argued at June Term, 1888, before Justices SCUDDER and REED.

For the plaintiffs, *Joseph A. Beecher*.

For the defendants, *Franklin M. Olds*.

The opinion of the court was delivered by

SCUDDER, J.   The only question considered by the Court of Common Pleas on the appeal, and it is the single point of real importance in the case presented in the return to this writ, is whether David S. Crowell was a member of the firm of Bolles Brothers, and liable to the plaintiffs for their claim. There was a motion to non-suit, and requests to charge which cover this main matter in controversy, and a submission of the case to the jury resulting in a verdict against Crowell and the other two defendants.   The duty of the court in a plain case is to instruct the jury or non-suit the plaintiff.   The case of *Pleasants* v. *Faut*, 22 *Wall.* 116, is apposite to this and to the other points in the case which were not passed upon in the Court of Common Pleas.   It is there said " we hold the true principle to be that if the court is satisfied that, conceding all the inferences which the jury could justifiably draw from the testimony, the evidence is insufficient to warrant a verdict for the plaintiff, the court should say so to the jury.   If the court can see that if a verdict for the plaintiff should be rendered it ought to be set aside as being unwarranted by the testimony, such instruction should be given in advance of the verdict."   Under our practice a non-suit or such charge to the jury would be proper, the plaintiff being allowed an exception on non-suit in all cases where objection is made.   But the question whether a partnership does or does not subsist between any particular persons is a mixed question of law and fact, and not a mere question of fact; and when the question is a matter of doubt to be decided by inferences to be drawn from all the evidence offered, it is one of fact for the jury.

A brief consideration of the evidence will determine whether the judge was right in his refusal to non-suit, or charge, as requested, that there was no case for the jury made by the evidence.   It is manifest that the defendant, David S.

Crowell, who appealed, cannot be liable as a partner by holding himself out as such, under this evidence. That he might be held under proper facts is indisputable, and the reason for it is given. The doctrine that a person holding himself out as a partner, and thereby inducing others to act on the faith of his representations, is liable to them as if he were in fact a partner, is nothing more than an illustration of the general principle of estoppel by conduct. 1 *Lind. Part.*, § 40.

But this principle does not apply to one who is not a partner, and he will not be held liable as such on a contract made by the partnership with one who had no knowledge of the holding out. *Thompson* v. *First National Bank of Toledo*, 111 *U. S.* 530; *Waugh* v. *Carver*, 2 *H. Bl.* 235, annotated in 1 *Smith Lead. Cas.*, § 968; *Dickinson* v. *Valpy*, 10 *Barn. & C.* 128; *Vice* v. *Anson*, 7 *Id.* 409. The summary of the law on this point is, that to create this liability two things must concur, viz., first, the alleged act of holding out must have been done by him, or by his consent; and, secondly, it must have been known to the person seeking to avail himself of it. 1 *Lind. Part.*, § 43.

The traveling salesman of the plaintiffs, who made the sales to Bolles Brothers in the city of Newark, conversed with Charles I. Bolles at the time and before he made these sales in suit, and testified that he understood, through the conversation with him, that it was he and his brother who owned the business. Neither the name of the firm, nor anything said to him, indicated that Crowell was a partner, or had any interest in the business. This is all the evidence on this point, and exonerates Crowell, who was not present, and took no part in the purchase. It appears that credit was not given in these sales to this appellant.

But it is also claimed by the plaintiffs that there was a holding out to others, or, more properly, admissions and conduct in the presence of others which show that the defendant, Crowell, was a partner. It is competent to show such admissions and conduct to charge one as a partner in fact. One witness who

was examined testified thus : " I have heard Mr. Crowell say that he was interested in this business for quite a large amount —the full amount I cannot say, because I can't remember ; I have heard him make that remark a dozen or more times, I suppose ; " also, " I have heard the remark that he was interested financially in the concern, had the good-will of the business, in one sense, at heart, and all obligations would be paid, if we get sufficient means to do it." This, he says, was made in regard to purchases made of the business house which he represented. He further says : " I never heard that he was a partner there ; I knew he was interested there ; I never remember his admitting that he was a partner; Bolles Brothers was David Thompson ; I was under the impression, when I sold the goods, that Mr. Crowell was interested ; of my personal knowledge, I can say that Mr. Thompson did carry on the business under the name of Bolles Brothers." He testifies to hearing Charles I. Bolles say to Crowell ." that the market being low in oils, it was a good time to buy them, as they were using a great many of these oils in manufacturing perfumery, and Crowell answered that he could raise the money to make the purchase." Another witness, who was foreman of the laboratory, says that Mr. Crowell was there very often, almost every day ; he generally came in the afternoon about five o'clock ; that Charles I. Bolles had charge of the business. To the question, " Did he, Crowell, have anything to do with the business ? " he answered : " Well, I don't know; he appeared to be interested in some way." " He used to say that he thought the things would look better in a different way"—this was in answer to the question, " Did he suggest to you how he should do this or that or anything ? " When asked, " Didn't he, at any time, make suggestions to you or give you directions ? " he answered : " Not directions, exactly ; he said things would look better done in a different way ; that was all—suggested." The former witness also testifies that he saw Crowell often at the place of business, on Market street, and heard a conversation between him and Charles I. Bolles about the purchase of oils for perfumery.

This is the strength of the evidence on the subject of Crowell's relations to the business. These alleged admissions and conduct cover the period between 1883 and 1886, and were prior to the purchase of the goods in suit, in March and April, 1886. The defendants offered no evidence, though Charles I. Bolles and David S. Crowell were both present in court at the trial. The testimony of Charles I. Bolles, and of the other witnesses called by the plaintiffs, was evidently given with great caution and reluctance, and most carefully guarded by the defendants' counsel. The whole case excites suspicion of an attempt to conceal the real parties interested, and where fraud is apparent it is the duty of the court to be astute to discover it. What constitutes a partnership is not easy to define, abstractly, so that it will apply to all cases; but whether certain facts tend to show the relation of partners, is less difficult, though often perplexing because of the nice distinctions that have been made in the decided cases, and the variety of circumstances that surround such transactions.

The recent case of *Wild* v. *Davenport*, 19 *Vroom* 129, in the Court of Errors and Appeals, having carefully examined the cases in other courts, notably the leading case of *Cox* v. *Hickman*, 8 *H. of L. Cas.* 268, and 9 *C. B., N. S.,* 47, together with cases in our own courts, reaches this conclusion, that a right to receive a share of the profits of a business does not furnish an invariable test of a partnership, even as to creditors; that a person not actually engaged in the business as a principal, and not holding himself out as a partner, cannot be held for debts contracted in the business, as a dormant partner, unless in virtue of some contract, express or implied, on his part, in legal effect creating, as between him and the persons actually carrying on the business, the relation of principal and agent.

Lord Cranworth, in Cox *v.* Hickman, briefly states the rule thus: "The real ground of liability is that the trade has been carried on by persons acting in his behalf. When that is the case, he is liable to the trade obligations, and entitled to its profits, or to a share of them."

There is no testimony in the case showing an express contract by which the defendant, Crowell, was to receive any part or share of the profits of the business in which Bolles Brothers were engaged, and in which the debt in suit was contracted; but there is evidence in the admission that he was interested financially in the business, had the good-will of the business at heart, and all obligations would be paid if we get sufficient means to do it; his constant, almost daily, presence at the store, his advice and consent in the purchase of supplies for the business, if these be believed by the jury, which tend to show that he was not a mere lender of money to the partners to be used in the business, but interested in its results, and that between him and the persons actually carrying on the business, the relation of principal and agent subsisted. He may not be shown by express agreement to be a partner, either ostensible or dormant, nor by holding himself out to these plaintiffs as such may he be chargeable as a partner in this action; but if the facts testified to tend to show he was interested as a principal in the business, they were properly submitted to the jury, and there was no error in the refusal to non-suit, nor to charge that there was no evidence by which the defendant, Crowell, could be held liable to the plaintiffs.

The district judge, however, went further than to submit the facts to the jury. In his charge to them he said: "If you accept that evidence as true, then I repeat that the evidence tends to make out a *prima facie* case against Mr. Crowell, that he was a member of that firm. Therefore, if you believe that evidence, and if you believe the evidence of Gurney that this account has not been paid, then it will be your duty to find a verdict as against Mr. Crowell any way." To this there was an exception taken, and there is error. It was the province of the jury to draw reasonable inferences from the facts, and to construe them with reference to all the testimony showing the connection, if any, of Mr. Crowell with the business. The judge had no right to construe words and acts of doubtful import, and say it was their duty to find a verdict according to his view of their probative force. He should have told the

jury how a partnership might be constituted, and let them infer from the facts proved whether such was the intention and position of the parties. He certainly erred in saying that they should find a verdict against Mr. Crowell any way, when he was sued jointly with the other defendants as a partner with them in the business for which the debt was contracted, in a court with like jurisdiction as courts for the trial of small causes, wherein a defendant cannot be held severally liable on a joint contract.

The other questions relate to the form of examining witnessess who were reluctant and evasive in their answers; this was discretionary with the court; and to the liability of Enoch Bolles, Jr., and Charles I. Bolles, who are not here on appeal complaining of the judgment against them; and to the admissibility of some books of account which were not necessary to prove the indebtedness and the amount, because a note had been given by Bolles Brothers to the plaintiffs for the full amount claimed, which was not paid, and was held and used at the trial as an admission of the debt.

This was admissible and better evidence than the books of account of the plaintiffs. *Bonnell* v. *Mawha,* 8 *Vroom* 198.

None of these objections are sufficient to reverse, but the error in the charge to the jury is fatal to the verdict, and the judgment thereon will be reversed.