Simmons v. Ingram.

Ave. Simmons, Respondent, v. S. N. Ingram, Appellant.

St. Louis Court of Appeals, February 7, 1899.

1. Practice, Trial: PARTNERSHIP: EVIDENCE. To constitute a partnership *inter se* there must be an agreement for that purpose; but the agreement need not be in writing, and where the fact of partnership is in issue, it is a question to be passed upon by the jury.

2. Corporation: ATTEMPTS TO FORM: PARTNERS. Where persons associate themselves together to form a corporation, and the effort to do so proves abortive, and they thereafter carry on the business, under a firm name, they will be held as copartners.

*Appeal from the Greene Circuit Court.*—Hon. James T. Neville, Judge.

Affirmed.

[Note.—The case of Catherine Dooley, respondent, v. S. N. Ingram, appellant. No. 7179, is affirmed by the St. Louis Court of Appeals on February 7, 1899, for the reasons set forth in the following opinion, the issues being substantially the same. Reporter.]

C. W. HAMLIN for respondent.

If appellant was a partner with Gage and Ermentrout then he is liable for their services. A partnership can be proven by acts and admission of the party sought to be held as a partner. The partnership was proven abundantly in this case by the conduct and statement of the appellant himself. If the appellant was a partner in the "concern" it does not matter whether any of their employees knew that fact or not, they can still hold him liable for their wages. But in this case these employees saw appellant on the works daily giving directions and making suggestions; saw the letterheads carrying his name as "assistant general manager and solicitor" of the company. Had received pay from him on one or two pay days. The books were properly identified as the books of the Chas. H. Gage Mining and Smelting Company. The plaintiff is the real party in interest and has a right to sue on these assigned accounts, even though assigned to him for collection only. Hayslen v. Dawson, 28 Mo. App. 531; Home v. Hudson, 99 Mo. 102; R. S. 1889, sec. 1989.

WM. O. MEAD and T. T. LOY for appellant.

The first proposition for determination in this case, is whether the facts proven in this case establish the relation of partners between Gage, Ermentrout and defendant. The relation of partner can be created only by contract, expressed or implied, whereby they are shown to have intended to become partners. Bank of Osceola v. Outhwait, 50 Mo. App. 124; Donnoll v. Harshe, 67 Mo. 170. To constitute a partnership between Gage, Ermentrout and defendant, such a community of interest must be shown as to empower each of them to make contracts and incur liabilities, within the scope of mining business (which is not borrowing money),

manage the whole business and dispose of the whole property rights, which, upon the dissolution of the partnership by the death of one, passes to the survivor, and not to the representative of the deceased. The case at bar does not in any particular come within the foregoing definition. Clifton v. Howard, 89 Mo. 192; Kelley v. Gaines, 24 Mo. App. 506; Ranken v. Fairly, 29 Mo. App. 587. The defendant was not a partner with Gage and Ermentrout, unless it is shown they intended to be partners, which plaintiff has not only failed to prove, but it is proven by the testimony of all the parties alleged to be members of the partnership, that they were not partners. If the letterhead had been used with the approval of defendant (which it was not) and plaintiff had been induced thereby to extend credit to a corporation thereby indicated to exist by the appearance of defendant's name thereon, then under a proper pleading, setting up that fact, the defendant might have been liable on the theory of estoppel, but there was no such case made, hence the letterhead was not admissible to prove a partnership, and should have been excluded by the trial court. Hahlo v. Mayer, 102 Mo. 93; Bank v. Outhwait 50 Mo. App. 124. The doctrine of estoppel can never be invoked unless it is plead, which is not done in this case. Bray v. Marshall, 75 Mo. 327; Avery v. Railroad, 113 Mo. 561; Throckmorton v. Pence, 121 Mo. 50. If the partnership between Gage, Ermentrout and defendant had been proven to exist, yet the defendant is not liable for the reason that a partnership for mining purposes is a non-trading one, and no one of the partners has power to execute a note that will bind the firm or a member thereof not signing the note. Deardorf v. Thacher, 78 Mo. 128; Third National Bank v. Snyder, 10 Mo. App. 211; Webb v. Allington, 27 Mo. App. 559. But the partnership was not proven.

BLAND, P. J.—The petition is in thirteen counts, in all of which it is alleged that the defendant was a partner in a mining copartnership doing business under the firm name of the Charles H. Gage Mining & Smelting Company. The first count is for work and labor performed by plaintiff for the firm; each of the other twelve is for work and labor and for team work done and performed by the firm by twelve different persons, all of whom assigned their accounts to the plaintiff for collection only. Ingram's answer was a general denial, and a denial under oath that he was a partner of the Charles H. Gage Mining & Smelting Company. A trial was had by a jury, resulting in a verdict for plaintiff on the thirteen counts of the petition. A motion for new trial proved unavailing, and defendant duly appealed.

The evidence proves, and it stands practically admitted, that the several accounts sued for were justly due from the Charles H. Gage Mining & Smelting Company. The controverted fact was whether or not Ingram was a member of the firm. He swore in his answer and on the stand as a witness that he was not and never had been. It appears from the evidence that Charles H. Gage and William J. Ermentrout in the beginning undertook to develop and operate a mine in Greene county; that they borrowed $1,500 of Ingram in May, 1897, at which time or shortly thereafter, they agreed with Ingram to form a corporation, and to give Ingram one fifth of the shares of stock. The corporation was never formed, but an office was opened in the city of Springfield, Missouri, and supplied with stationery, etc.; letterheads were printed and used, whereon Gage was designated as president and general manager, and Ingram as assistant superintendent and solicitor. Ingram testified that he protested against the use of these letterheads, but he did nothing further to prevent their use and circulation.

Witnesses Allen and Davis both testified that Ingram told them in conversations about the company that he was a member of it. In other conversations with other witnesses, the language used by Ingram indicate that he was interested in the company. In July, 1897, he, Gage, and Ermentrout signed and duly acknowledged a general warranty deed, the first sentence of which contains the following recital: "This indenture, made and entered into by and between Chas. H. Gage, William J. Ermentrout and S. N. Ingram, a copartnership doing business under the firm name and style at first the Standard Mining and Smelting Co. and now the Chas. H. Gage Mining and Smelting Company, parties of the first part witnesseth." Ingram testified that he read this recital, and that the whole deed was read over to him by the notary who took his acknowledgment; he knew its contents, and his attempt to explain away this damaging piece of evidence against him was a failure. There was abundant evidence to warrant the jury to find that Ingram was a member of the copartnership, and the verdict can not be disturbed for want of evidence to support it.

We find no erroneous ruling in the admission of testimony; the books of the company were identified by the bookkeeper, and the day book kept in the manner he testified it was kept—that is, that it was made up from the memorandum time books kept by the bosses of the work, was a book of original entries. Missouri E. L. & Power Company v. Carmody, 72 Mo. App. 535.

The plaintiff was authorized to sue in his own name on the assigned accounts. Home v. Hudson, 99 Mo. 102; Hayslen v. Dawson, 28 Mo. App. 531.

Defendant complains of instructions given for plaintiff. The first instruction given for plaintiff was on the theory of an actual partnership. The second on the theory of an association together to form a corporation, the abortiveness of the corporation, and that from these a liability

arose.   The third and last instruction for plaintiff was on
the credibility of witnesses and the weight to be given their
testimony, etc., which was in approved form and appropriate
to the case.   Defendant asked five instructions, two of
which were refused; of this he also complains; the refused
instructions were based upon a holding out by Ingram as a
partner; this question was not in the case; the plaintiff al-
leged and confined his proofs to the theory that Ingram was
an actual partner, and these instructions therefore had no
place in the case under the pleadings and evidence.   The
complaint against plaintiff's first instruction is that it failed
to tell the jury what a partnership is, or what was necessary
to constitute a partnership.   Professor Parsons defines a
partnership to exist "where two or more persons combine
their property, labor and skill, or one or more of them in
the transaction of business for their common profit."   To
constitute a partnership *inter se* there must be an agreement
for that purpose.   Bush v. Bush, 89 Mo. 360; Martin v.
Cropp, 61 Mo. App. 607; but the agreement need not be in
writing.   Buchner v. Ries, 34 Mo. 357; and where the
fact of partnership is in issue, it is a question to be passed
upon by the jury.   The first instruction given for plaintiff
told the jury that if they found Gage, Ermentrout and de-
fendant were partners engaged in the mining business, etc.,
their verdict should be for the plaintiff.   The first given
for the defendant told the jury that they could not find In-
gram was a partner of Gage and Ermentrout unless they
found that the three had "entered into a contract whereby
they agreed to and were entitled and bound to take part in
the conduct of the business of mining and smelting, and did
so   engage in mining and smelting, each   participating
therein."   Reading the two instructions together, the jury
were fully instructed as to the proof necessary to authorize
them to find that there was a partnership, and that Ingram
was a member of it, and whatever error there might be in

plaintiff's first instruction, was cured by the first given for defendant. Whalen v. Railroad, 60 Mo. 323; State v. Taylor, 118 Mo. 153; Crawford v. Doppler, 120 Mo. 362. The second instruction given for plaintiff told the jury in effect that if Gage, Ermentrout and Ingram made an abortive attempt to form a corporation in May, 1897, and thereafter carried on the business of mining and smelting under the firm name of the Gage Mining and Smelting Company, they should find for plaintiff, and he should be considered a partner. It was held in Furniture Company v. Crawford, 127 Mo. 356; Martin v. Fewell, 79 Mo. 401; Smith v. Warden, 86 Mo. 399; Hunnewell v. Willow Springs Canning Co., 53 Mo. App. 245, and in Richardson v. Pitts, 71 Mo. 128, that where persons associate themselves together to form a corporation and the effort proves abortive, they will be held as copartners. There is, therefore, no error of law in the instruction, and it is based on and finds support in the testimony of the defendant. We have discovered no prejudicial error anywhere in the record, and affirm the judgment. All concur.