## Jacob B. Strickler v. Phoebe Gitchel.

### (Filed September 3, 1904.)

1. **PROMISSORY NOTE—Rights of Co-surety.** Where two persons are co-sureties upon a promissory note, and are jointly and severally bound to pay the same, and one of them is compelled to pay the entire indebtedness, he is entitled to recover contribution from his co-surety.

2. **PARTNERSHIP—Burden of Proof on Party Alleging.** Where one denies that he is a member of a partnership, the burden is upon the party alleging the partnership, and this is a question of fact for determination by the jury.

3. **PARTNERSHIP—Liability for Previous Indebtedness of Firm.** Where a person becomes a member of a partnership, he does not thereby assume the previous indebtedness of the firm, nor is he bound thereby, in the absence of an express or implied promise to pay the same, as such partner.

4. **APPEAL—Verdict—Will Not be Disturbed, When.** When controverted questions of fact are submitted to a jury, and the evidence adduced is conflicting and contradictory, but there is competent evidence reasonably tending to support every material allegation necessary to uphold the verdict, and the trial court approves the verdict and renders judgment in accordance therewith, and a new trial is refused, this court will not disturb the verdict of the jury and the judgment of the court on the weight of such conflicting evidence.

5. **JURY—Province of.** In this jurisdiction, the jury are the exclusive judges of the facts of the case, and of the credibility of the witnesses, and of the weight to be given to their testimony.

6. **WITNESSES—Credibility—Instructions.** Where the plaintiff testifies to a given state of facts, but is contradicted by a number of witnesses for the defendant, it is not error for the court to charge the jury, at the request of the plaintiff, that: "The testimony of one credible witness may be entitled to more weight than the testimony of many others, if, as to those other witnesses, you have reason to believe and do believe from the evidence and all the facts before you, that such other witnesses have knowingly testified untruthfully, and are not corroborated by other credible witnesses, or by circumstances proved in the case."

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Rush & Steen* and *H. J. Sturgis,* for plaintiff in error.

*Charles West, C. Porter Johnson* and *Payson & Kessler,* for defendant in error.

### STATEMENT. OF FACTS.

This is an action for contribution, brought by Phoebe Gitchel against Jacob B. Strickler, as a co-surety on two promissory notes, alleged to have been paid by the plaintiff. The material averments in the petition are, that on March 20, 1899, the firm of Strickler Brothers, composed of H. E. Strickler, J. R. Strickler, A. L. Strickler, and Edna J. Strickler, who were doing a general merchandise business in Shel-

don, in the State of Illinois, under the firm name and style of Strickler Brothers, made, executed and delivered· a certain promissory note, in the sum of $2,000.00, to Louis J. Goldman, payable on January 1, 1900. Said note was signed by Strickler Brothers, Jacob B. Strickler, the defendant, and Phoebe Gitchel, the plaintiff.

On September 9, 1899, another note was executed to the Citizens Bank, of Sheldon, Illinois, for $2,000.00, payable six months after date, signed by Strickler Brothers, Edna J. Strickler, Phoebe Gitchel, and Jacob B. Strickler.

The plaintiff further alleged that Phoebe Gitchel and Jacob B. Strickler were sureties upon said notes. That the firm of Strickler Brothers, and Edna J. Strickler, became and were insolvent prior to the · maturity of said notes, and that they failed and refused to pay. the same, and that both of said notes, together with all accrued interest, were paid by Phoebe Gitchel, and that she is the owner and holder · thereof. That since the payment of said notes said Strickler Brothers and Edna J. Strickler have remained insolvent, and have not paid any portion of said notes to this plaintiff, and that the said co-surety upon said notes, Jacob B. Strickler, has also failed and neglected to pay any portion thereof· to this plaintiff.

To this petition of the plaintiff the defendant, Jacob B. Strickler, filed an answer, in which he admitted the execution of the notes, as alleged in the plaintiff's petition, but denied that the plaintiff ever paid either of said notes, or any part thereof; and denied every other material allegation contained in the said petition. The defendant further alleged that after the execution of said notes, and prior to the

maturity thereof, the plaintiff purchased an interest in the business of said firm of Strickler Brothers, and became a member of said firm, and assumed and agreed to pay the in-debtedness of said firm, including the notes herein sued on. That thereafter the said Strickler Brothers, of which firm the plaintiff was a member, turned over to one Mendenhall, cash-ier of the Citizens Bank of Sheldon, Illinois, all of their stock of merchandise and real estate, under an agreement with said Mendenhall that he should pay all the indebted-ness of the said firm, including the notes herein, and that said property was of greater value than the debts of said firm, and that both of the notes sued on in this action were fully paid by the said Mendenhall out of the proceeds of the said property, and were not in any manner paid by the plaintiff.

To this answer, the plaintiff filed a reply consisting of a general denial as to all new matter alleged in the answer.

Upon the issues thus joined, the cause was tried to a jury, and a verdict was returned in favor of the plaintiff and against the defendant for $2,576.73, being an amount equal to one-half of the notes, together with interest. This verdict was approved by the court, and judgment rendered in accordance therewith. A motion for a new trial was duly filed by defendant, which, upon consideration by the court, was overruled, exceptions saved, and the cause appealed to this court.

Opinon of the court by

HAINER, J.: The first error assigned and argued by the plaintiff in error is, that the court erred in overruling the demurrer to the evidence on the ground that the plaintiff had failed to prove a cause of action.

The defendant, is his answer, admitted the execution of the notes as alleged in the plaintiff's petition, and therefore admitted that the notes were signed by the plaintiff and defendant as sureties for Strickler Brothers. The defendant also admitted that the notes were paid, but alleged in his answer said notes were fully paid by one Mendenhall, cashier of the Citizens Bank of Sheldon, Illinois, out of the proceeds of the property of the firm of Strickler Brothers. The plaintiff testified positively, in her own behalf, that she and J. B. Strickler were sureties on said notes, and also testified positively that said notes were paid with her property, which she had turned over to said Mendenhall, and that at the commencement of this action she was the owner and holder of said notes, and that no part of said notes had been paid by either the principals upon said notes, or by her co-surety, J. B. Strickler, the defendant herein.

It is an elementary principle of law that where two or more persons are jointly, or jointly and severally, bound to pay a certain sum of money, and one of them is compelled to pay the whole debt, the person so paying said indebtedness may recover contribution from his co-debtors. The evidence was clearly sufficient to warrant a recovery by the plaintiff in this action, and hence the demurrer to the evidence was properly overruled.

The defendant sought to prove, as a defense to said action, that the plaintiff, prior to the maturity of said notes, purchased an interest in the business of the firm of Strickler Brothers, and became a member of said firm, and assumed and agreed to pay the indebtedness of the said firm, including the notes herein sued on; and that both of said

notes were fully paid by Mendenhall out of the proceeds of the property of the firm of Strickler Brothers. Manifestly, the burden of proof was upon the defendant in this action to prove that the plaintiff was a member of the said firm, and that she had assumed and agreed to pay the indebtedness of the said firm, including the notes in controversy. The plaintiff denied that she was a member of said firm, or that she had assumed or agreed to pay any of its indebtedness; and contended that said notes were paid from the proceeds of her property, which she had turned over to Mendenhall, the cashier of the Citizens Bank. Whether the plaintiff was a member of said firm, was a question of fact for the determination of the jury. And, likewise, if the jury found that she had become a member of said firm, as contended for by the defendant, then whether she assumed any of the indebtedness of the previous partnership was also a question of fact for the determination of the jury.

The evidence upon these controverted questions of fact was conflicting and contradictory; but we think there was competent evidence reasonably tending to support each of the material allegations of the plaintiff in this action, and upon which the jury returned a verdict in her favor. The rule is well settled by this court that when the evidence is conflicting and contradictory, and there is evidence reasonably tending to support the verdict of the jury, and the trial court has approved the verdict and refused to grant a new trial, this court will not disturb such verdict of the jury, and the judgment of the court thereon.

In *Everett v. Akins,* 8 Okla. 184, this court said :" Where a question of fact is submitted to the jury, and there is com-

petent evidence tending to establish such fact, the verdict of the jury and the judgment of the court thereon are conclusive."

In *Archer et al. v. United States,* 9 Okla. 569, Mr. Chief Justice Burford, speaking for the court, said:

"When the evidence is conflicting and contradictory, and there is some evidence tending to support each material allegation necessary to sustain the verdict, and the trial court has approved the verdict by refusing to grant a new trial, the appellate court will not disturb the judgment on the weight of the evidence."

And in *Kramer v. Ewing,* 10 Okla. 357, this court again said:

"When controverted questions of fact are submitted to a jury and the evidence reasonably tends to support the verdict, the appellate court will not disturb the verdict."

Upon all of these controverted questions of fact, we are of the opinion that the evidence was sufficient to warrant the jury in finding for the plaintiff, and hence the verdict, and the judgment of the court rendered thereon, must be upheld by this court, unless the court erred in some matter of law prejudical to the rights of the defendant.

It is claimed by the plaintiff in error that the court erred in the instructions to the jury. It is argued that instruction No. 7, given at the request of the plaintiff, is erroneous and misleading. This instruction is as follows:

"The court instructs you that the testimony of one credible witness may be entitled to more weight than the testimony of many others, if, as to those other witnesses, you have reason to believe and do believe from the evidence and all the facts before you, that such other witnesses have knowingly testified untruthfully, and are not corroborated by other credible witnesses, or by circumstances proved in the case."

No authorities are cited by counsel for plaintiff in error to support their contention that this instruction is erroneous; but it is urged that it invades the province of the jury, and therefore was misleading and prejudicial. In our opinion, this instruction not only correctly states the law, as an abstract proposition, but was peculiarly applicable to the case, and in harmony with all the evidence. It is true that the plaintiff was contradicted by a number of witnesses, all of whom were members of the firm, or related to members of the firm, and necessarily more or less interested in the result of the action. The jury are the exclusive judges of the facts of the case, and of the credibility of the witnesses, and of the weight to be given to their testimony; and hence they have the undoubted right to give more weight and credence to the testimony of one witness than to the testimony of a number of others. And if they believe that any witness has wilfully and knowingly testified falsely as to any material matter, they are at liberty to disregard the entire testimony of such witness, unless it is corroborated by other credible evidence. In our opinion, the court did not invade the province of the jury, and therefore there was no error in giving the instruction.

It is argued that the court erred in giving instruction No. 3, at the request of the plaintiff, which is as follows:

"You are instructed by the court that if you find from a preponderance of all the evidence that on March 20th, 1899, plaintiff and defendant as co-sureties and the only sureties for Strickler Bros., signed the note for $2000.00 to Louis J. Goldman, and that thereafter the said note was wholly paid out of the proceeds of the property of plaintiff and that defendant paid no part of the same, and that after the making

of said note plaintiff bought from J. B. Strickler his interest in the firm of Strickler Bros., you must find for plaintiff and against defendant for an amount equal to one half of the amount paid to satisfy the said Goldman note, together with interest on said amount of one half from the date of such payment at 7 per cent per annum, until this time, unless you further find from a preponderance of all the evidence that plaintiff at the time of purchase of said J. B. Strickler's interest or thereafter made a special promise to assume as a partner the indebtedness of said firm to said Goldman."

It is contended that this instruction is not applicable to the facts in this case. We cannot concur in this view. In our opinion, the evidence fully warranted the instruction, and it correctly states the law as applied to the evidence in this case, and hence was properly given by the court.

In our opinion, the instructions of the court fully and fairly cover every proposition of law involved in this case. And there was no error in refusing to give instructions 1, 2, 3, and 4, which were requested by the defendant.

Finding no error in the record prejudicial to the rights of plaintiff in error, the judgment of the district court is affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.