## HOTELING *et al.* v. McCARTY.

No. 5066.   Opinion Filed May 18, 1915.

(149 Pac. 142.)

**APPEAL AND RRROR—Partnership—Findings of Fact—Proof of Existence—Admissions of Partners.** When a partnership is alleged and denied, and members of the alleged partnership have made admissions, tending to prove the relationship, such admissions are admissible against the parties making them  And if these admissions fairly tend to establish the relationship alleged, it raises a question of fact, to be submitted to the jury, and their findings will not be disturbed.

(Syllabus by Brett, C.)

*Error from Superior Court, Oklahoma County;*

*Edward Dewes Oldfield, Judge.*

Action by Dan McCarty against Joe Hoteling and another. Judgment for plaintiff, and defendants bring error.  Affirmed.

*J. Q. A. Harrod* and *W. A. Staley,* for plaintiffs in error.

*Chas. H. Ruth,* for defendant in error.

BRETT, C.   This suit was commenced in the superior court of Oklahoma county by the defendant in error, Dan McCarty, as plaintiff in that court, against plaintiffs in error, Joe Hoteling and A. R. Spriggs, who were defendants below. For convenience the parties will be designated as they appear in the court below.   The suit was brought by the plaintiff against the defendants as partners to recover the sum of $550 for services, alleged to have been performed by the plaintiff for the defendants in 1910 and 1911, in conducting a rooming house in Oklahoma City.   The petition alleges that the defendants were partners in said business, and as such employed the plaintiff to manage and conduct the business for

them, agreeing to pay him whatever his services were reasonably worth, in addition to his board and lodging; that upon this agreement made with defendant Hoteling he remained in their employ from the 4th day of November, 1910, till the 27th day of November, 1911, and for his services he had received no compensation except board and lodging, and that his services in addition to his board and lodging were reasonably worth $10 per week. The defendants filed a general denial, and deny partnership under oath. The case was tried to a jury, which found for the plaintiff in the sum of $156.77, and judgment was rendered for the amount found by the jury to be due. From this judgment the defendants appeal to this court.

There are several assignments of error, but only one relief upon in the defendants' brief, which they assign as follows:

"The main and only question that we regard as worthy of consideration is that the verdict was contrary to the law and the evidence; that is to say, there was not sufficient evidence to allow the question of partnership to go to the jury."

This court has held that where there is any evidence which tends to support the cause of action, it should be submitted to the jury. And we find from a careful examination of the record that there is evidence tending to prove the existence of a partnership. The plaintiff testifies that the defendant Hoteling told him that he and the defendant Spriggs were partners; that his partner, Dr. Spriggs, kept him cleaned, and he could not keep a dollar; that when they were opening a restaurant, Hoteling told him that if he could build up a trade he would split that with him; that Dr. Spriggs was not a partner in the restaurant; that Spriggs told him on a subsequent date that he owned everything there, and Hoteling had kept two books on him, and had been handing him whatever amount of money he pleased; that they were partners, and Hoteling had talked him into buying the stuff and paying all expenses, and was to divide the money with him. The statements of

Hoteling that they were partners, made in the absence of defendant Spriggs, standing alone, would not be sufficient to bind Spriggs as a partner, and *vice versa;* but, taking the statements of each in connection with the statements and admissions of the other testified to by the plaintiff, they raise a question of fact for the consideration of the jury.

Counsel for defendants cite *McKallip v. Geese,* 30 Okla. 33, 118 Pac. 586, in support of their contention, but in that case the court had under consideration the construction of the terms of a written contract, and whether or not the terms of that contract created a partnership; and it is not in point, for in the case at bar the court is only called upon to determine whether the reputed statements and admissions of the parties as to the existence of a partnership were sufficient to go to the jury. In *Cobb v. Martin et al.,* 32 Okla. 588, 123 Pac. 422, the court, in discussing the same question that is raised in the case at bar, holds that the court is not authorized—

"where there is testimony offered that fairly tends to establish the relationship alleged, to take the case from the jury and direct a verdict. Testimony, having been admitted for the purpose of showing that Edwin Martin and S. S. Cobb were partners, being before the jury unchallenged, it was error necessitating a reversal, for the trial court to direct a verdict. When the question whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the testimony, it is one of fact for the jury; and the court should not non-suit or direct the jury to find a verdict for the plaintiff or defendant. *Seabury et al. v. Bolles,* 52 N. J. Law, 413, 21 Atl. 952, 11 L. R. A. 136; *Id.,* 51 N. J. Law, 103, 16 Atl. 54, 11 L. R. A. 136; *Chick v. Robinson* [95 Fed. 619, 37 C. C. A. 205, 52 L. R. A. 842], *supra; Simmons v. Ingram,* 78 Mo. App. 603; *Moore v. Dickson,* 121 Wis. 591, 99 N. W. 322; *Strickler v. Gitchel,* 14 Okla. 523, 78 Pac. 94; *Cassidy et al. v. Saline County Bank,* 14 Okla. 532, 78 Pac. 324."

We think, therefore, that there was no error committed by the

court in allowing this evidence to go to the jury. And, while it was contradicted by both Hoteling and Spriggs, yet the jury found against them and for the plaintiff, and where there is any evidence to support their finding, it is a well-established rule of this court that their verdict will not be disturbed.

We, therefore, recommend that the judgment be affirmed.

By the Court: It is so ordered.