## HARMON v. NATIONAL SUPPLY CO. OF KANSAS et al.

No. 8094—Opinion Filed June 12, 1917.

(166 Pac. 80.)

### Partnership — Existence of Relation—Question for Jury.

When the question of the existence of a partnership is a matter of doubt to be determined by inference to be drawn from all the evidence, it is one of fact for the jury, and it is error for the court to direct a verdict for either plaintiff or defendant on this issue.

(Syllabus by West, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Suit by the National Supply Company of Kansas, a corporation, against C. C. Harmon and others. Judgment for plaintiff upon a directed verdict against defendant Harmon, his motion for new trial overruled, and he brings error. Reversed and remanded.

A. Carey Hough, J. Wood Glass, and W. D. Humphrey, for plaintiff in error.

W. N. Banks and Randolph, Haver & Shirk, for defendants in error.

Opinion by WEST, C. This was a suit instituted in the district court of Tulsa county by National Supply Company, one of the defendants in error, against plaintiff in error and its codefendants in error upon a supply account for $1,143.22, with interest, and foreclosure of materialman's lien upon a certain oil and gas mining lease, including leasehold equipment and material furnished. There was no dispute as to the correctness of the account, and the only issue involved in the trial below was whether or not the plaintiff in error, C. C. Harmon, and the defendant in error Chas. F. Whitehill were partners in the development of an oil and gas lease for which the supplies were furnished, so that the defendant Chas. F. Whitehill could bind the plaintiff in error, C. C. Harmon, for the payment of said account, the same having been contracted for by Chas. F. Whitehill. The evidence on part of plaintiff in error discloses that C. C. Harmon was a resident of Nowata, and Chas. F. Whitehill a resident of Tulsa; that Whitehill had located a tract of land that looked good for oil in the Redfork sand and that he advised Harmon that they could get a half interest in an oil and gas lease upon the land by putting down a well, the lease owner agreeing to furnish one-half of the casing and some supplies to be used in the prosecution of this development. Harmon went to Tulsa and looked over the proposition and declined it, but indicated that,

if they could secure another 40 acres located near this upon the same terms and conditions, he might be interested. Some days later Whitehill called Harmon over the phone and stated that he could get the 40 acres. Harmon stated that he did not have time to look over the matter and investigate it, but if he thought it was good to go ahead and drill a well, and when the same was completed he could draw on him for one-half interest in it.

It was the contention of Harmon that he was in no sense a partner of Whitehill, had never agreed to become such, and that the only connection he had with the transaction was that he had agreed to pay half of the cost that Whitehill incurred in completing a well upon the premises for a one-fourth interest in the well and lease and was only a cotenant of Whitehill in this lease and well.

It was the contention of the supply company that Harmon and Whitehill were general partners in the prosecution of this development, and that Whitehill had the authority to bind Harmon for all accounts incurred in the development of this lease. There was no written partnership contract, and the supplies were not furnished upon any representation made by Harmon. Whitehill claimed that he had authority from Harmon to buy the supplies in question, and that they were general partners in this transaction.

After the evidence was all in both parties moved for an instructed verdict. The court sustained the motion of plaintiff, and instructed the jury to return the verdict in favor of the plaintiff and against defendant, finding as a matter of law that a partnership existed between Harmon and Whitehill. Motion for new trial was duly filed, overruled and exceptions saved, and the case comes here on appeal to review this action of the trial court. The supply company contends that the action of the trial court was correct and should be sustained. Harmon contends that all the evidence tending to show this partnership was before the court, and wholly failed to prove the existence of the partnership, and the court should render judgment in his favor, or at least reverse and remand the case.

After a careful reading of the evidence offered, it appears to us that there was conflict in the evidence on the point at issue as to the existence of the partnership, there being evidence offered to substantiate both positions of the respective parties, and it is our opinion that the state of the evidence was such that the court below could not say

as a matter of law that the partnership existed in the sense that Whitehill could bind Harmon on the contract sued upon. Neither can we say that the evidence was such as to warrant the court in holding as a matter of law that there was no partnership.

This court, in case of Cobb v. Martin et al., 32 Okla. 588, 123 Pac. 422, uses this language:

"It is a familiar rule that a partnership may be established solely from the conduct of the parties. McKallip et al. v. Geese et al., 30 Okla. 33, 118 Pac. 588. In the absence of a written agreement, a person who alleges a partnership between himself and another is bound to establish its existence by clear proof, especially if the other party to the agreement is dead. 30 Cyc. 402, 403, 413, 414; Parsons on Partnership, sec. 78; Strickler v. Gitchel, 14 Okla. 523, 78 Pac. 94; Martin Browne Co. v. Morris, 1 Ind. T. 495, 42 S. W. 423. This rule, however, does not authorize a court, where there is testimony offered that fairly tends to establish the relationship alleged, to take the case from the jury and direct a verdict. Testimony, having been admitted for the purpose of showing that Edward Martin and S. S. Cobb were partners, being before the jury unchallenged, it was error necessitating a reversal for the trial court to direct a verdict. When the question whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the testimony, it is one of fact for the jury; and the court should not nonsuit or direct the jury to find a verdict for plaintiff or defendant. Seabury et al. v. Crowell, 52 N. J. Law, 413, 21 Atl. 952, 11 L. R. A. 136; Id. 51 N. J. Law, 103, 16 Atl. 54, 11 L. R. A. 136; Chick v. Robinson [95 Fed. 619, 37 C. C. A. 205, 52 L. R. A. 833], supra; Simmons v. Ingram, 78 Mo. App. 603; Moore v. Dickson, 121 Wis. 591, 99 N. W. 322; Strickler v. Gitchel, 14 Okla. 523, 78 Pac. 94; Cassidy et al. v. Saline County Bank, 14 Okla. 532, 78 Pac. 324."

We therefore hold that under the state of the evidence and the law announced in the case, supra, the question of partnership should have been submitted to the jury under proper instructions; this being a question of fact upon which there was a conflict of testimony, and one clearly within the province of the jury to determine.

On account of error of the court in directing a verdict in favor of defendant in error, this case is reversed, and cause remanded.

By the Court: It is so ordered.