### McNALLY v. HARLEY.

No. 8672—Opinion Filed April 9, 1918.

(172 Pac. 46.)

(Syllabus.)

**1. Partnership—Evidence—Sufficiency.**

Evidence examined, and held that the facts proven show the existence of a partnership between plaintiff and defendant.

**2. Trial—Objections to Evidence.**

A general objection to the introduction of testimony without specifying any ground upon which the evidence offered is inadmissible is too indefinite and general, and it is not error to overrule same.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Pat Harley against C. D. McNally. Judgment for plaintiff, and defendant brings error. Affirmed.

Wilhelm & Holland and W. F. Semple, for plaintiff in error.

John T. Harley and George Trice, for defendant in error.

HARDY, J. This action was commenced in the district court of Coal county by Pat Harley, who filed a petition against C. D. McNally, wherein he prayed a dissolution of a partnership alleged to exist between the parties, for a receiver of the partnership property, and for an accounting between the partners. Upon issues being joined the case was tried to the court, who found in favor of plaintiff decreeing the existence of a partnership, appointed a receiver of the partner-

ship property, ord~red a sale thereof, and appointed a referee, to whom was referred all issues respecting an accounting between the partners, from which decree defendant prosecutes error.

The only question properly presented is whether the evidence was sufficient to sustain the judgment. There is no controversy as to the law of the case. Section 4431, Rev. Laws 1910, defines a partnership as follows:

"A partnership is the association of two or more persons for the purpose of carrying on business together, and dividing the profits between them."

It appears from the evidence that McNally had previously been engaged in business. Becoming bankrupt his stock had been sold and was purchased with money advanced by Harley and turned over to McNally under an agreement that he should conduct the business, receive $60 per month for his services. after which the profits were to be divided between Harley and McNally. For five or six years thereafter the business was conducted in Harley's name, all goods being bought and checks issued in his name. After this time negotiations were had with one Mr. Day looking to his purchase of an interest in the business, and for a time the business was conducted under the name of Day, Harley & Co. The deal with Day not being consummated, the name was changed to Harley & McNally. During all this time Harley would frequently visit the store and confer with McNally about the condition of the business, and was introduced by McNally to salesmen as a partner in the business, and employes were told he was a member of the firm, and on occasions when visiting Oklahoma City would place orders for merchandise. When differences arose between Harley and McNally, Harley's son commenced negotiations with McNally for the purpose of taking over his father's interest in the business. These negotiations were not successful, but at no time during their progress did McNally deny that Harley was interested therein. At the time of trial a sign was in front of the place of business with the name "Harley & McNally" thereon. Plaintiff's name was on all the stationery used, and was in the invoices and bills, and the firm name was signed to all checks drawn by defendant. During the conduct of the business numerous actions were brought to collect amounts due the firm, wherein pleadings were filed and sworn to by defendant containing the allegation that plaintiff was a member of said firm. Upon an examination of the record we are convinced that the judgment of the trial court is not only sus-

tained by the testimony, but that the clear weight of the evidence supports the finding of the court that a partnership existed.

During the trial John Harley, son of plaintiff, testified to certain negotiations with defendant, and further testified that during such negotiations defendant at no time disputed plaintiff's interest in the business. The testimony of the witness Cardwell was to the effect that he was at one time employed by the firm, and while engaged in his duties plaintiff entered the place of business and witness asked who he was, to which defendant McNally answered, "Don't you know your own boss?" Error is alleged upon an admission of this testimony. The objection thereto was general, and called the attention of the court to no ground upon which same was inadmissible. A general objection of this character is too indefinite to present any question to the trial court, and it was not error to overrule same. Fender, Adm'r, et al. v. Segro et al., 41 Okla. 318, 137 Pac. 103. The record fails to show that any exception was taken to the ruling of the court upon said objection. It might be added, however, that had proper objection been made and exception reserved the testimony was properly admitted, for the issues in this case being the existence of a partnership between the parties, and no written contract having been entered into, that relation might be shown by other evidence, and it was competent to show admission by either party to the effect that a partnership in fact existed. Cobb v. Martin et al., 32 Okla. 588, 123 Pac. 422.

The judgment is affirmed.

All the Justices concur, except RAINEY, J., disqualified.