HOPKINS et al. v. NATIONAL BANK OF COMMERCE et al.

No. 14219—Opinion Filed Dec. 4, 1923.

Rehearing Denied Feb. 19, 1924.

(Syllabus.)

1. Bills and Notes—Action on Broker's Commission Note—Defenses—Evidence.

In a suit brought by a real estate broker on a note, which he alleges was given to him in consideration of his service in procuring a purchaser for land, with whom the landowner executed a satisfactory contract of sale, and where the landowner defended on the ground that the note was conditionally delivered and was without consideration, the written contract entered into between the landowner and the alleged purchaser was admissible in evidence.

2. Appeal and Error—Questions of Fact—Verdict—Existence of Partnership.

When the existence of a partnership is a matter of doubt, to be decided by inferences to be drawn from the evidence, it is one of fact for the jury, and, where there is evidence reasonably tending to support the verdict of the jury, the verdict will not be disturbed on appeal.

Error from District Court. Harmon County; Frank Mathews, Judge.

Action by the National Bank of Commerce against B. B. Belle and others; cross-petition by Bell against S. W. Hoppins, T. B. Pickens, and another. Judgment for plaintiff and Bell, and Hopkins and Pickens bring error. Affirmed.

W. C. Austin and H. N. Gambill. for plaintiffs in error.

A. M. Stewart and Wm. M. Williams, for defendants in error.

COCHRAN, J. The National Bank of Commerce, as plaintiff, began this action against B. B. Bell, as maker of a promissory note, and Wade Alexander and T. B. Pickens as indorsers thereon. Bell filed an answer and cross-petition against Alexander and Pickens, and also made Hopkins a party and asked for judgment against Alexander, Pickens, and Hopkins. Judgment was recovered by the National Bank of Commerce against all of the parties and by Bell against Hopkins and Pickens, from which judgment Hopkins and Pickens have appealed. The note sued on by the plaintiff was executed by Bell to Pickens, and Pickens contended that the note was executed to him in settlement of a commission due him for procuring a purchaser for certain land belonging to Bell. Bell contended he was negotiating with one A. C. McClanahan relative to the sale of a certain tract of land; that Pickens agreed with him that

he would put the deal over between McClanahan and Bell if Bell would give him a 5% commisison for making the deal; that thereafter McClanahan and Bell entered into a contract by which McClanahan was given an option on the land until January 1, 1921, whereupon Pickens claimed his commission from Bell; that, because the contract with McClanahan was only for an option on the land, a note was executed by Bell to Pickens for the commission with the understanding and agreement that the same was not to become a binding obligation or to be transferred or sold by Pickens unless McClanahan purchased the land according to the terms of the option contract; that McClanahan failed to purchase the land, and consequently the note to Pickens was without consideration. It is further contended by Bell that Hopkins was a partner with Pickens and jointly interested with him in the transaction.

The plaintiff in error contends that the trial court erred in admitting in evidence the option contract between Bell and McClanahan. He contends that he procured a purchaser for the land who was ready, able, and willing to purchase the property on terms satisfactory to his principal, and that Bell prepared the contract which was executed by McClanahan and having entered into a contract which was satisfactory to him the commission was due. Numerous cases from this court are cited supporting this general proposition.

There was no error in admitting this contract. It is conceded that McClanahan was not ready, able, and willing to buy the property at the time the contract was signed, but was only willing to buy an option thereon, so the authorities cited by the plaintiff in error have no application, neither do the authorities which hold the landowner liable for the commission where a contract of sale is made to a buyer procured by the broker upon terms satisfactory to the landowner. as no contract binding McClanahan to purchase this property was entered into, neither was there any proof of bad faith on the part of the landowner in entering into an option contract with McClanahan. It was competent for either party to show the character of contract which was entered into as the result of the broker's efforts. This contract was admissible as a circumstance to be considered by the jury in determining whether the note, which both parties conceded represented the commission in connection with this transaction which culminated in the execution of the option contract, was delivered upon the conditions claimed by Bell or as an absolute obligation and for

a valuable consideration as contended for by Pickens.

It is contended that the court erred in permitting Bell to testify that Pickens told him at the time of the agreement between them that he and Hopkins were fifty-fifty in the deal. It is contended that this extra-judicial statement made by Pickens was the only evidence tending to prove that Hopkins was a partner with Pickens in this transaction and that the partnership cannot be established by extra-judicial statements. In Cobb v. Martin, 32 Okla. 588, 123 Pac. 422, this court said:

"When the question whether a partnership exists is a matter of doubt, to be decided by inference to be drawn from all the evidence, it is one of fact for the jury; and the court should not nonsuit or direct the jury to find a verdict for the plaintiff or defendant."

The court in the instructions to the jury submitted the question of partnership to the jury, and also advised the jury that unless Hopkins was a partner with Pickens in the deal, the statements made by Pickens to Bell were not binding upon Hopkins or to be considered by the jury against Hopkins. It was not error to admit the statements made by Pickens under the limitations imposed by instructions given by the trial court.

It is next contended that judgment against Hopkins is not sustained by sufficient evidence. The liability of Hopkins was submitted to the jury under proper instructions, and there is evidence reasonably tending to support the verdict, and under such circumstances the verdict of the jury will not be disturbed by this court on appeal.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, BRANSON, and HARRISON, JJ., concur.