### FLOWERS et al. v. HILL et al.

No. 16841—Opinion Filed Sept. 28, 1926.

1. **Master and Servant—Workmen's Compensation Law—Questions of Fact—Existence of Partnership.**

Where a claim is filed by a workman under the Workmen's Compensation Laws of this state and a hearing had before the State Industrial Commission, and the question whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the evidence, it is one of fact for the Industrial Commission to determine.

2. **Partnership—Existence of Relation—Proof.**

A prima facie case of partnership is made out against persons associated in a particular business by evidence that they share in its profits pursuant to an agreement between them; by evidence that they have described themselves as partners; or by evidence that they are common proprietors of the business conducted for their mutual profit.

3. **Master and Servant — Workmen's Compensation Law—Appeal—Finality of Decision Below on Facts.**

By the provisions of section 10, art. 2, of the Workmen's Compensation Law (chapter 246, Session Laws 1915), the decision of the State Industrial Commission is made final as to all questions of fact, and on appeal to this court from an award of the Industrial Commission or an order made upon a question of fact, this court is without jurisdiction to weigh the evidence for the purpose of determining whether the same preponderates in favor of or against the findings of fact made by the Industrial Commission.

4. **Same — Continuing Jurisdiction of Industrial Commission to Modify Orders.**

The jurisdiction of the Industrial Commission to modify or change its previous findings or orders is not determined solely by section 12, art. 2, of the Workmen's Compensation Law, relating to "a change of conditions," but its jurisdiction under chapter 246, Sess. Laws 1915, is continuing, and the Commission may, from time to time, make such modification or change of its former findings or orders relating thereto as, in its opinion, may be just.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Action by A. P. Flowers and School District No. 28, Sequoyah County, against C. L. Hill, A. R. Williams, U. S. Fidelity & Guaranty Company, and the State Industrial Commission, to review an order made by the Industrial Commission. Petition to review denied, and the order affirmed.

Carlile & Wall, for complainants.

Rittenhouse & Rittenhouse, J. Fred Swanson, Geo. F. Short, Atty. Gen., and Fred Hanson, Asst. Atty. Gen., for respondents.

Opinion by RUTH, C. This is an original action in this court to review an order made by the State Industrial Commission of Oklahoma, wherein the U. S. Fidelity & Guaranty Company were absolved from liability.

A. P. Flowers filed his claim before the State Industrial Commission, claiming compensation for injuries received while in the employ of Hill & Williams and while working on a schoolhouse in Gore, Sequoyah county, Okla. Upon hearing had, compensation was awarded the claimant against C. L. Hill, A. R. Williams, and the U. S. Fidelity & Guaranty Company, and within 30 days after the award so made, the Industrial Commission made an order, after petition for review filed, in which the U. S. Fidelity & Guaranty Company, was absolved from liability, and the claimant files his action

in this court to review said order, and assigns as reasons for review as follows:

"(1) The said Commission erred in holding that there was a partnership agreement existing between C. L. Hill and A. R. Williams, and that they as copartners were the employers of the claimant at the time of the injury."

"(2) That the Commission erred in holding that the said U. S. Fidelity & Guaranty Company was not liable as the insurance carrier of C. L. Hill for the reason that C. L. Hill was individually liable for any injury to the claimant, and C. L. Hill carried individual insurance for all employees of his engaged in building and contract work as shown by the evidence in this cause."

The evidence first shows that C. L. Hill was on a certain building an individual contractor, but on the schoolhouse in school district No. 28, C. L. Hill and A. R. Williams were awarded the contract for the erection of a schoolhouse at Gore, Okla., and the contract was entered into by the school board of district No. 28, with Hill and Williams, and it was while in the construction of this building that the claimant was injured. The evidence further shows that C. L. Hill carried employer's liability as an individual contractor, but not as a member of the firm of Hill & Williams, and not covering any work done by Hill & Williams, and especially on the men employed in building the schoolhouse on which the claimant was injured.

In his brief claimant contends that the existence of a partnership was a question of law to be determined by the court, and therefore the order of the court determining there was no partnership between Hill & Williams is properly reviewable by this court. The evidence clearly showed that the contract for this particular building was taken in the name of Hill & Williams; that the bank account for the construction of this building was carried in the name of Hill & Williams; and that Williams was in charge of the work, and Williams signed all checks for the construction of the schoolhouse at Gore in the following manner: "Hill & Williams by A. R. Williams"; and that C. L. Hill was, during the time of the construction of this particular schoolhouse, engaged in work in another part of the state, and upon contract taken in his own individual name, and that he carried indemnity insurance in his individual name for his individual employees, and that claimant was not an individual employee of C. L. Hill.

The claimant is in error in assuming that

the question of partnership is a question of law. In Cobb v. Martin et al., 32 Okla. 588, 123 Pac. 422, this court said:

"1. Partnership—Existence of Relation—Question of Fact. When the question whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the evidence, it is one of fact for the jury; and the court should not nonsuit or direct the jury to find a verdict for the plaintiff or defendant.

"2. Evidence—Presumption—Continuance of Relation. Where it is shown that a partnership at one time existed, it will be presumed to continue in the absence of testimony to the contrary.

"6. Same—Existence of Relation—Evidence—Admissions. Parties who have admitted that they are in partnership, either by express statements or by conduct, will be held to that admission.

"7. Same. A prima facie case of partnership is made out against persons associated in a particular business by evidence that they share in its profits, pursuant to an agreement between them, by evidence that they have described themselves as partners in any writing, or by evidence that they are the common proprietors of the business conducted for their mutual profit.

"8. Same—Presumption. A presumption of partnership arises from the use of a name such as is commonly employed when a partnership exists."

See, also, Hoteling v. McCarty, 46 Okla. 541, 149 Pac. 142; Moning Dry Goods Co. v. Wiseman et al., 60 Okla. 94, 159 Pac. 259; Harman v. National Supply Co. of Kansas et al., 65 Okla. 259, 166 Pac. 80; McNally v. Harley, 68 Okla. 115, 172 Pac. 46; Graham et al. v. Schooler, 80 Okla. 124, 194 Pac. 1080; Boorigie v. Boorigie, 98 Okla. 64, 223 Pac. 874. In Hopkins et al. v. National Bank of Commerce, 101 Okla. 82, 223 Pac. 347, it is said:

"When the existence of a partnership is a matter of doubt to be decided by inferences to be drawn from the evidence, it is a matter of fact for the jury, and where there is evidence reasonably tending to support the verdict of the jury, the verdict will not be disturbed on appeal."

In this state the Industrial Commission sit as court and jury, and its finding on question of fact is final where there is any evidence to support such finding.

In Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 88 Okla. 80, 211 Pac. 491, this court held:

"By the provisions of section 10 of the Workmen's Compensation Law (chapter 246, Session Laws 1915), the decision of the State Industrial Commission is made final as to all questions of fact, and on appeal to this court from an award of the Industrial Commission, the court is without jurisdiction to weigh the evidence for the purpose of determining whether the same preponderates in favor or against the findings of fact made by the Industrial Commission."

We have examined the record very carefully, and find there was abundant evidence amply supporting the finding of the Industrial Commission, that a partnership existed between C. L. Hill and A. R. Williams for the construction of the schoolhouse upon which the injury to the complainant occurred, and that complainant was in the employ of Hill & Williams, and we find no error in the findings of the Industrial Commission in this behalf, and that the individual risk carried by C. L. Hill did not apply to employees of Hill & Williams. This covers the first two assignments of error.

The third assignment of error is that the commission erred in revoking its order of August 4, 1925. It held the U. S. Fidelity & Guaranty Company liable, and in making its order of September 2, 1925, absolved the U. S. Fidelity & Guaranty Company from liability. The claimant contends that when a solemn judgment is entered by the Industrial Commission, it ought to be final unless, as provided in section 7296, C. O. S. 1921, there should be a change in condition.

Section 7325, C. O. S. 1921, as amended by the Session Laws 1923, c. 61, sec. 13, provides as follows:

"The power and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto, if, in its opinion it may be justified, including the right to require physical examination as provided for in section 7293, and subject to the same penalties for refusal," etc.

Under the rules promulgated by the Commission, any party feeling aggrieved by the order or award of the Commission in any proceeding before it, has 30 days after such award made to file a motion to vacate the order or award complained of, and the record discloses that the order finding the U. S. Fidelity & Guaranty Company was not liable, was made within the time prescribed by the rules.

In Choctaw Portland Cement Co. et al. v. Lamb et al., 79 Okla. 109, 189 Pac. 750,

this court, in considering the section of the statutes conferring authority upon the Industrial Commission to review an award by reason of "a change in conditions," said:

"Moreover, the jurisdiction of the Commission to modify or change its previous findings or orders is not determined solely by the above-quoted provision (a change in conditions), for there is another provision, namely, section 14 of art. 4, which provides that the power and jurisdiction of the Commission over each case shall be continuing, and that the Commission may, from time to time, make such modifications and changes of its former findings or orders relating thereto as, in its opinion, may be just, including the right to make physical examination as provided by section 9, art. 2 of the Act. It is obvious from the language of this section that it was the intention of the Legislature that the power and jurisdiction conferred on the Commission by the act should be broad and comprehensive."

We are therefore of the opinion that the Commission had authority under the law to review its award upon motion of either party, or upon its own motion, and its order of September 2, 1925, wherein it absolved the U. S. Fidelity & Guaranty Company of liability, was not an abuse of such authority, and was not error.

Finding no error in the order complained of, the petition of the claimant to review such order is denied, and the judgment of the Industrial Commission is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) C. J. p. 122, §127. (2) 30 Cyc. pp. 415, 416; anno. 18 L. R. A. (N. S.) 963; 20 R. C. L. p. 847; 4 R. C. L. Supp. p. 1380. (3) C. J. p. 122, §127; 30 Cyc. p. 416. (4) C. J. p. 132, §151.