ED S. McNEALY, Defendant in Error, v. HUGH M. BARTLETT, Plaintiff in Error.

**Kansas City Court of Appeals, February 4, 1907.**

1. **PARTNERSHIP: Contract: False Representation.** A false representation in regard to the subject-matter of a partnership contract is immaterial where the party is not influenced thereby to enter into the contract.

2. ——: ——: **Statute of Frauds: Performance within a Year.** A partnership contract to be performed within a year is not within the Statute of Frauds, and the statute does not apply after part performance by the parties.

3. ——: **Action at Law: Single Transaction.** The purchase and sale of a load of hogs was the sole transaction in a partnership. *Held*, one partner may sue in an action at law to recover for the loss on such transaction.

Error to Sullivan Circuit Court.—*Hon. John P. Butler, Judge.*

AFFIRMED.

*Wilson & Clapp* for plaintiff in error.

(1) The question of the Statute of Frauds is raised by a general denial in an action on the contract. Hackett v. Bickel, 138 Mo. 502. (2) The contract of sale between the McNealys was within the Statute of Frauds. R. S. 1899, sec. 3419; Palmer v. Elsberry, 79 Mo. App. 570; State v. Durant, 69 Mo. App. 390. (3) There was no partnership between McNealy and Bartlett. It was executory, and at the most an agreement for a future partnership. Keane v. Beard, 11 Mo. App. 10; Hoskins v. Burr, 106 Mass. 48; Clement v. Hadlock, 13 N. H. 185. (4) The property was not in the possession of either plaintiff or defendant. It was not even in the possession of McNealy. The contract of partnership under such

circumstances to be valid must be in writing. Buckner v. Reis, 34 Mo. 357. (5) The plaintiff cannot recover in an action at law. Where there is more than one item of an unsettled partnership account, the proper action is a bill in equity praying for an accounting. Bambrick v. Simms, 132 Mo. 48; Scott v. Caruth, 50 Mo. 120; Feurt v. Brown, 23 Mo. App. 337; Johnson v. Ewald, 82 Mo. App. 276.

*Childers Bros.* for defendant in error; *John W. Bingham* of counsel.

(1) The demurrer was properly refused. The question of the Statute of Frauds is not in the case. This action is between the partners, and not between the buyer and seller. State v. Durant, 69 Mo. App. 396; Kratz v. Stocke, 42 Mo. 351.; Baker v. Scudder, 56 Mo. 272. (2) The giving of instruction numbered 1, asked by the defendant in error, was proper and right in view of all the evidence in the case. Byrd v. Fox, 8 Mo. 574; Buckner v. Ries, 34 Mo. 357; McClay v. Freeman, 48 Mo. 234; Moore v. Railroad, 73 Mo. 438; Burdoin v. Trenton, 116 Mo. 358; Benjamin v. Railroad, 133 Mo. 274; Christian v. Ins. Co., 143 Mo. 46; Leoffler v. Keokuk Pak. Co., 7 Mo. App. 185.

JOHNSON, J.—Plaintiff alleges that he and defendant as partners purchased and sold a carload of hogs, on which a loss of $136.64 was incurred and paid by plaintiff, and sues at law to recover one-half of the loss. He prevailed in the trial court and defendant appealed.

The partnership agreement was not in writing and its existence must be found, if at all, from the following facts adduced by plaintiff. The parties live in Sullivan county and at least on one other occasion had bought a carload of hogs and shipped them to the stock market at Kansas City on an agreement to share equally in the

gain or loss. The transaction in question originated in a conversation over the telephone in which plaintiff said, in substance, that he had bought a carload of hogs from his brother at five cents per pound for shipment to market and after describing them asked defendant "if he was in," to which defendant answered in the affirmative. Afterwards and before delivery of the property to plaintiff, he and defendant talked about the purchase and the latter suggested that they request the vendor to hold the hogs a short time longer owing to the bad weather, but plaintiff replied that "the time was up and they had to go." The suggestion was not further pressed by defendant and plaintiff received and paid for the hogs, shipped them to market where they were sold, resulting in the loss stated. When the agreement was made, plaintiff's brother did not own the property, but had contracts with the owners thereof for its purchase.

Defendant's version of the conversation over the telephone is that plaintiff told him he had bought from his brother a carload of hogs, which the latter had raised, and, after describing the animals and stating the price at which he had bought them, asked defendant if he "wanted to stay," to which defendant answered in effect that he did. From the testimony of each party, it is evident they understood plaintiff's inquiry to be a proposal that defendant should become an equal partner with him in the venture, but defendant claims the hogs involved in this controversy were not the subject of that agreement because they were not raised by plaintiff's brother, but were procured by him from other persons. The hogs afterward received by plaintiff from his brother filled the description he gave of them and, in the state of facts before us, we do not think the representation now relied on by defendant, if made, is at all material. Defendant does not claim that it influenced him in any degree to make the agreement, nor is it even intimated that hogs raised by plaintiff's brother were a whit

different from similar animals raised by others in that part of the country. A false representation to have any effect on a contract must be shown by the party to whom it was made to have operated on his mind as an influence to enter into the contract and that but for such influence he would have acted differently. [Anderson v. McPike, 86 Mo. 293; Priest v. White, 89 Mo. 609; Dunn v. White, 63 Mo. 181, 186.] The contention that the representation shows that the subject of the partnership agreement was a different lot of hogs from that purchased by plaintiff should be treated as a mere quibble and excuse, but if it could be said that the representation is endowed with such evidentiary substance, the issue raised by it would be one of fact and has been settled against defendant by the verdict of the jury, which necessarily was based on the finding that the hogs in controversy were those about which the partnership agreement was made.

Further, it is urged that the contract, not being in writing, falls within the Statute of Frauds. The agreement before us was for a present partnership, not for one to begin at some future time and the fact that possession of the property had not yet been acquired by plaintiff did not operate to make the agreement one for a future partnership. Clearly, it was understood that the acceptance by defendant of the offer of plaintiff bestowed on the former the interest of a partner in the contract which plaintiff had for the purchase of the property and invested plaintiff with authority to acquire and handle the property for the benefit of the partnership. The activities of the firm may be said to have begun immediately after the agreement was made, and thereafter the acts of plaintiff in furtherance of the transaction were those of a partner and as such were binding on his co-partner under the rules of agency. The fact, about which there can be no dispute, that the agreement was to be fully performed within one year,

of itself is sufficient to remove the contract from the operation of the provisions of section 3418, Revised Statutes 1899. [1 Lindley on Partnership, page *87.] Section 3419, Revised Statutes 1899, deals with contracts for the sale of goods and has no application to contracts of partnership. The Statute of Frauds does not require partnership agreements that are to be performed within one year to be in writing and it may be added that where an oral agreement for a partnership is not to be performed within the year, the statute will not apply after part performance of the agreement by the parties. [Buckner v. Ries, 34 Mo. 357; Simmons v. Ingram, 78 Mo. App. 603; 1 Lindley on Partnership, supra.]

There is no merit in the argument of defendant that plaintiff cannot recover in an action at law, but must sue in equity for an accounting and settlement of the partnership. The purchase and sale of this load of hogs was not one of a number of transactions occurring in the course of a partnership business, but was the only subject of the agreement. It was an isolated transaction and the loss incurred constituted a single item and is the only one growing out of the partnership that stands unadjusted. It is not shown that unsettled items remain from other shipments made by the parties and, if any such item had been shown to exist, it would not belong to the present partnership account and would afford no ground for an equitable accounting. It is well settled in this State that one partner may sue another in an action at law where but one matter growing out of the partnership business remains unadjusted. [Jackson v. Powell, 110 Mo. App. 249; Russell v. Grimes, 46 Mo. 412; Buckner v. Ries, supra; Bambrick v. Simms, 132 Mo. 51.]

We find no error in the record and the judgment is affirmed. All concur.