JUSTINE SWEAT, joined by her husband, S. H. SWEAT, W. E. BRYAN, *et al.*, v. C. A. BOYD.

170 So. 740.
Division B.
Opinion Filed November 18, 1936.

*William E. Sweat* and *Hampton, Bull & Crom,* for Appellants;

*D. R. Peacock,* for Appellee.

BUFORD, J.—The appeal here is from final decree and also decree discharging the Receiver and releasing his surety, also from decree denying petition of one of the defendants to require the Receiver to show cause why he should not be adjudged in contempt of court for failure to deliver to petitioner certain property in his possession.

The appellants have presented thirteen (13) questions which they say are involved in this appeal. The 1st, 2nd, 3rd, 4th and 5th questions go to the sufficiency of the allegations in the bill and the elements proven by the evidence

to establish the existence of a co-partnership. There was no real property involved in this alleged partnership.

It is well settled that a limited partnership may be formed for the prosecution of a single transaction. See Shackleford v. Williams, 182 Ala. 87, 62 Sou. 54; *in re* Warren, 29 Fed. Cases No. 17191; 2 Ware 322; Westcott v. Gilman, 170 Cal. 562, 150 Pac. 777; Solomon v. Solomon, 2 Ga. 18; McNealey v. Bartlett, 123 Mo. Ap. 58, 99 S. W. 767; Williamson v. Nigh, 58 W. Va. 629, 58 S. E. 124.

In this case the bill of complaint contains sufficient allegations to show the existence of a partnership between C. A. Boyd and W. E. Bryan in regard to a certain flock of sheep located in Sarasota County, Florida, beginning on the 18th day of February, 1931, and continuing to the date of the filing of the bill of complaint. The allegations are also sufficient to show that execution was about to be levied on the flock of sheep as the property of Bryan which execution was held by F. S. and H. W. Harrison. It is also sufficient to show that an attempt has been made by Bryan to convey the partnership property to his sister, Justine Sweat, in disregard of the rights of the complainant Boyd. There was equity in the bill and the denial of the motion to dismiss was without error.

The 6th question assumes that there was a valid sale of the property by the defendant Bryan to his sister, Mrs. Sweat, for value and that title thereby vested in the purchaser. Whether or not this was a tenable assumption depends entirely upon the evidence and upon the evidence the court found against the contentions of the appellant.

There is ample evidence in the record to support the conclusion that the purported sale by Bryan to Mrs. Sweat was not a valid one. In fact, the record shows conclusively that the sheep were never actually delivered by Bryan

to Mrs. Sweat, but that he remained exercising such possession as he had exercised prior to the alleged sale.

The final decree recited the finding of three facts: (1) that the partnership existed between plaintiff Boyd and the defendant Bryan as alleged in the bill of complaint at the time of the institution of the suit, but that an accounting is not necessary in behalf of the plaintiff Boyd because the losses of the partnership and the failure of the plaintiff Boyd to pay for the remainder of the property in dispute are far in excess of any profit or any amount found to have been put into the partnership by the plaintiff Boyd by way of services or otherwise. (2) That the defendants, F. S. and H. W. Harrison, take nothing by their judgment. (3) That the reports of the Receiver, William Guess, are correct."

And, therupon, it was adjudged:

"1. That the co-partnership heretofore existing between the said plaintiff, C. A. Boyd, and the defendant, W. E. Bryan, be and the same is hereby dissolved.

"2. That an accounting is not necessary in the plaintiff's, Boyd's, behalf and that he receive nothing thereby.

"3. That the defendants F. S. and H. W. Harrison take nothing by their judgment.

"4. That the reports of the receiver, Wm. Guess, heretofore appointed by the court to take care of the property in question are hereby approved, and that he receive as remuneration the sum of $410.00 in payment for his services, less what he has already been paid. It is further ordered, adjudged and decreed that Wm. Guess as receiver of the property involved herein, be and he is hereby discharged as receiver over the said property, and that he will turn over the said property, making a true account of same.

"5.    That the costs of the proceedings, including Court Reporter's fee of $62.00 and Receiver's fee be taxed against the partnership property; and that in default of such payment that execution issue therefor and said property be sold to pay said fee and costs."

The 7th question is as follows:

"Seventh:    Where in a final decree, the court adjudicates the rights of the parties, finding that the complainant Boyd is not entitled to any relief dissolving the co-partnership, is it proper for the court to direct that the property be sold in default of payment of costs *by the receiver,* when the decree specifically provides, 'Let execution issue therefor, and said property be sold to pay said fee and costs."

It will be observed that this question assumes a condition which does not exist.    The costs were not ordered taxed against Boyd, but it was ordered that the costs of the proceedings, including court reporter's fee of $62.00 and receiver's fee, be taxed against the partnership property and that in default of such payment that execution issue therefor and said property be sold to pay said fees and costs.

The 8th, 9th, 10th, 11th, 12th and 13th questions, it appears to us, are directed only to matters of procedure which could have worked no illegal injury to the appellant.    This appears to be just another one of those cases where the costs and expenses of litigation and administering partnership assets in the Chancery Court has resulted in the waste and consuming of all assets, leaving nothing for the parties litigant except an unpaid bill for the balance of the costs.    This is not an unusual result in suits involving livestock of any sort running on the open range.    While such a result is deplorable, we fail to find any reversible error disclosed by the record and it is certain that a continuing of

the litigation could only result in additional costs and expenses to be ultimately paid by one or all of the litigants.

The decree and orders appealed from should be affirmed. So ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., concurs in the conclusion.