BENJAMIN H. CAREY ET AL., DEFENDANTS IN ERROR, v. ALFRED W. MARSHALL ET AL., PLAINTIFFS IN ERROR.

Submitted December 10, 1901—Decided March 3, 1902.

In an action for goods sold to a firm alleged to be composed of the three defendants, the issue tried was upon the liability of one of the defendants. The trial judge confined the evidence to a liability arising from that defendant having held herself out as a partner. *Held*—

(1) That evidence that the other defendants had asserted that she was a member of the firm was incompetent; and

(2) That the liability of the defendant thus arising for sales made to the firm would extend only to sales made after her holding herself out as a partner came to the knowledge of the plaintiffs.

---

On error to the Cumberland Circuit.

For the plaintiffs in error, *Louis H. Miller.*

For the defendants in error, *Henry S. Alvord.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR.   The record brought before us by this writ of error shows an action on contract, brought in Cumberland Circuit Court, by Benjamin H. Carey and Eugene H. Conklin, as partners, trading in the name of Mulford, Carey & Conklin, against Alfred W. Marshall, Charles V. Marshall and Josephine Potts, as partners, trading in the name of John R. Potts & Company.   The declaration contained the common counts alone, with a bill of particulars showing an account for goods sold.   The two Marshalls filed a plea of general issue, with notice that Josephine Potts was improperly joined as a defendant.   Josephine Potts filed a separate plea of the general issue, with notice that she was improperly joined as defendant.   The bills of exception show that the cause was tried upon the issue of the liability of Josephine Potts.

The evidence in the bills of exception discloses that a firm composed of the two Marshalls and one John R. Potts had been previously in existence, doing a manufacturing business, under the firm name of John R. Potts & Company; that the firm had been dissolved by the death of John R. Potts, and that Josephine Potts, who was his widow, had taken out letters of administration, in Cumberland county, upon his estate.

The trial judge confined the plaintiffs to evidence tending to show that Mrs. Potts was liable for the goods in question because she had held herself out as a partner with the Marshalls in the business carried on by them after the death of her husband.

An examination of the case thus presented clearly shows two errors.

The first error was committed in the admission of testimony that one or both of the Marshalls had stated to other parties that Mrs. Potts was a partner with them in the firm which carried on the business after her husband's death.   The statements by the Marshalls, if made, were not shown to have been made in her presence or by her authority.   No authority to make them could be inferred, except upon independent proof that she was a partner, and so that the Marshalls were

her agents in respect to the business. Without such proof, the evidence of these statements was irrelevant.

The other error is thus disclosed: Plaintiffs showed that their firm was a subscriber to the Bradstreet company, which company was engaged in ascertaining the financial standing and credit of individuals and firms and communicating the result of its inquiries to its subscribers. An agent of that firm testified that he had visited Mrs. Potts, after the death of her husband, and had been informed by her that she was a member, with the two Marshalls, of the firm of John R. Potts & Company, then continuing the business. He made a report, in writing, to the Bradstreet company that Mrs. Potts had voluntarily stated to him that she was a partner in that firm, with the Marshalls, to the extent of a one-half interest. This report was communicated to the subscribers of the company, and came to the knowledge of the plaintiffs at a time not definitely fixed. But the head of plaintiffs' firm, who was the only witness in respect to the time when the report came to their knowledge, testified that they had received the information after they had sold certain small bills charged in the account and before they sold a large bill which was charged in the account on April 21st, 1899. The previously charged small bills appear to have been sold at various times between February 3d and April 21st, 1899.

It is a well-settled doctrine that to charge one with liability as a partner by reason of his holding himself out as such, it must appear not only that the holding out was done by him and with his consent, but also that the party who seeks to avail himself of a liability so created had knowledge of the holding out, and was, or might have been, thereby induced to give credit. It is an application of the familiar doctrine of estoppel from conduct. *Seabury* v. *Bolles,* 22 *Vroom* 103.

If therefore the jury was justified, in this case, in finding that Mrs. Potts had made the statement to Bradstreet's agent (which she denied), and if her statement to him can properly be considered a holding out by her to Bradstreet's subscribers, or to those who were interested in the matter, or who acted thereon (as to which no opinion is intended to be expressed),

the effect of her statement was to make her liable only for sales made by plaintiffs after her statement had come to their knowledge. Previous sales, made before the statement was made, or before the statement came to the knowledge of the parties, did not fall within the estoppel. The trial judge directed the jury that if they believed Mrs. Potts made the statement which had been testified to, they might hold her as a partner, and find a verdict against her for the whole amount of goods shown to have been sold by the plaintiffs to the firm. This was erroneous, and the judgment against her for the whole amount cannot stand.

Before the exceptions were signed by the trial judge he died. The exceptions were brought before us by the agreement of parties, under the statute.

The exception last dealt with is not expressed with precision, but, after reflection, I have concluded that it presented to the mind of the trial judge the precise point upon which we find his charge was erroneous.

The judgment must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Van Syckel, Dixon, Garrison, Collins, Fort, Garretson, Hendrickson, Pitney, Krueger, Adams, Vredenburgh, Voorhees, Vroom. 15.