**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3730
_____

BONNIE MESSLER,
Appellant

v.

GEORGE J. COTZ, Esq.; COTZ & COTZ; JOHN DOES, ESQS. 1–10;
JANE DOES, ESQS. 1–10, a fictitious name for presently unknown licensed attorneys,
professionals and/or other unknown persons or entities; LYDIA B. COTZ, Esq.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:14-cv-06043)
District Judge:  Hon. Freda L. Wolfson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 25, 2018

Before:  AMBRO, CHAGARES, and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>.

(Filed: August 21, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

CHAGARES, Circuit Judge.

Bonnie Messler appeals the District Court's grant of summary judgment in favor of defendant Lydia Cotz ("Ms. Cotz") in Messler's malpractice action against Ms. Cotz, her husband George Cotz ("Mr. Cotz"), and the law firm Cotz & Cotz, which Messler asserts was a partnership consisting of Mr. and Ms. Cotz. The District Court determined that Messler had retained only Mr. Cotz, that the Cotzs were not partners, and that Messler had failed to establish a partnership-by-estoppel. The District Court thus rejected Messler's claim that Ms. Cotz was vicariously liable for Mr. Cotz's alleged malpractice and granted Ms. Cotz's motion for summary judgment. We will affirm.

## I.

We write for the parties and so recount only the facts necessary to our decision.[1] Messler made initial contact with Mr. Cotz to discuss the viability of her anticipated employment action, and, after a number of follow-up calls, met with him in person to sign a retainer agreement. Appendix ("App.") 94–95. The agreement was on letterhead with the heading "Cotz & Cotz," under which was written "Attorneys at Law," and beside which listed as its members George J. Cotz and Lydia B. Cotz. App. 131. Mr. Cotz was listed on the agreement as the signatory on behalf of "Cotz & Cotz." App. 131. Notwithstanding this document, no legal entity named "Cotz & Cotz" existed and the

_____

[1] As this appeal follows the District Court's grant of summary judgment in favor of Ms. Cotz, we recount the facts in the light most favorable to Messler and accord her "every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000).

2

Cotzs had never entered into a partnership agreement. App. 147, 156–57. Throughout the course of the representation, Messler had no substantive contact with, made no effort to communicate directly with, and does not believe she received any work product from, Ms. Cotz. App. 95–96. At no time prior to signing the agreement did Messler inquire about who would work on her case. App. 95.

Messler's employment lawsuit was filed under Mr. Cotz's signature in the New Jersey Superior Court. However, the defendant-employer filed a motion for summary judgment that was unopposed and granted. Messler then filed a malpractice suit in New Jersey state court, initially against Mr. Cotz and Cotz & Cotz, but — after the case was removed to the District Court for the District of New Jersey — Messler amended her complaint to include Ms. Cotz as well. Ms. Cotz thereafter moved for summary judgment under Federal Rule of Civil Procedure 56 on the basis that she was never a partner with Mr. Cotz and that Messler had not established the elements necessary to create a partnership-by-estoppel under New Jersey law.

The District Court agreed. It held first that no actual partnership existed between Mr. and Ms. Cotz, and second that, despite the indicia of partnership created by the retainer agreement, Messler had not met her burden to show that she relied on that apparent representation, which is a necessary element for establishing a partnership-by-estoppel. The District Court subsequently dismissed the entire case with prejudice, and Messler timely appealed.

3

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order granting summary judgment is plenary, and we apply the same standard of review that was applicable before the District Court. Post v. St. Paul Travelers Ins., 691 F.3d 500, 514 (3d Cir. 2012). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

On appeal, Messler does not assert that Mr. and Ms. Cotz were actually partners. The sole issue presented is whether, by virtue of the representations made by Mr. Cotz indicating that he and Ms. Cotz were partners in the firm of Cotz & Cotz, a partnership-by-estoppel was created. To answer this question, we turn to New Jersey law.

Under New Jersey's Uniform Partnership Act:

> If a person, by words or conduct, purports to be a partner, or consents to being represented by another as a partner, in a partnership or with one or more persons not partners, the purported partner is liable to a person to whom the representation is made, if that person, relying on the representation, enters into a transaction with the actual or purported partnership.

N.J. Stat. Ann. § 42:1A-20. By its plain terms, § 42:1A-20 "creates a requirement in all cases that the complaining party should have acted in reliance on the representation." Nat'l Premium Budget Plan Corp. v. Nat'l Fire Ins. Co. of Hartford, 234 A.2d 683, 730 (N.J. Super. Ct. Law Div. 1967), aff'd, 254 A.2d 819 (N.J. Super. Ct. App. Div. 1969).

Some state courts have interpreted their Uniform Partnership Acts to require only that plaintiffs "relied on the <u>existence</u> of the partnership," not on the membership of a particular purported partner. <u>Hunter v. Croysdill</u>, 337 P.2d 174, 179 (Cal. App. 1959); <u>see also</u> <u>Cheesecake Factory, Inc. v. Baines</u>, 964 P.2d 183, 191 (N.M. App. 1998) (noting "the very fact of a person's being a partner provides some comfort"). The New Jersey courts do not appear to have confronted this question. We will assume without deciding that the New Jersey courts would adopt the broad view that Messler must prove reliance only on Mr. Cotz's membership in a partnership and not on Ms. Cotz herself being his partner.

Even so, summary judgment was appropriate. We agree with the District Court that there is "no basis to find that Plaintiff relied on any representations of partnership." App. 261. Although Messler cites to evidence that Mr. Cotz represented he was in a partnership, none of it suggests that she transacted with him in whole or in part because of those representations. <u>See</u> <u>Carey v. Marshall</u>, 51 A. 698, 698 (N.J. 1902) ("It is a well-settled doctrine that, to charge one with liability as a partner by reason of his holding himself out as such, it must appear . . . that the party who seeks to avail himself of a liability so created had knowledge of the holding out, and was or might have been thereby induced to give credit." (citing <u>Seabury & Johnson v. Bolles</u>, 16 A. 54, 55 (N.J. Sup. Ct. 1888), <u>aff'd sub nom.</u> <u>Seabury v. Bolles</u>, 21 A. 952 (N.J. 1890)); <u>cf.</u> <u>Kaufman v. i-Stat Corp.</u>, 754 A.2d 1188, 1197 (N.J. 2000) (explaining that reliance arises when the

plaintiff "considers the actual content of [the] misrepresentation when making the decision to complete the transaction").

For example, Messler testified that she learned of Mr. Cotz when another attorney referred her to "not George Cotz himself, but the law office of Cotz & Cotz," App. 94, but not that she called him because she thought he was in a partnership. She also testified that Mr. Cotz told her at their first meeting that "the law office of Cotz & Cotz . . . would be handling [her] case," App. 95, and her retainer agreement on Cotz & Cotz letterhead "confirm[ed]" that Messler had "retained this office," App. 131, but there is no evidence that these representations motivated her to hire Mr. Cotz.[2] Messler did not testify that she was "calling attorney after attorney after attorney" because she was searching for someone in a partnership. App. 94. On the contrary, Messler admits that she never asked about the involvement of Mr. Cotz's putative partner in the underlying matter. Why not, if she cared that Mr. Cotz had a law partner when hiring him? No reasonable factfinder could conclude from the summary-judgment record that Messler was "relying on the

---

[2] Because the "transaction" at issue is the decision to retain Cotz & Cotz, we do not consider any evidence after Messler agreed to retain the firm, because Messler could not have relied on later-in-time evidence when making that decision. Whether it would have been reasonable, based on the documents listing Mr. and Ms. Cotz as members of Cotz & Cotz, for Messler to have relied on those representations is beside the point, where there is no evidence in the record to support her claim that she indeed relied. If the only requirement to establish partnership-by-estoppel was that the non-partner held themselves out in a manner that invited reliance, then the test would not — as it does — also include the requirement of actual reliance.

representation" that Mr. Cotz was in a partnership when she "enter[ed] into a transaction with" him. N.J. Stat. Ann. § 42:1A-20.[3]

## IV.

In light of the foregoing, we will affirm the District Court's Order.

---

[3] Our dissenting colleague would conclude that the evidence of representations alone raises a dispute of fact as to reliance, but we do not agree. To raise a dispute of fact as to reliance, there must be evidence that Messler "consider[ed] the actual content of [the] misrepresentation when making the decision to complete the transaction," Kaufman, 754 A.2d at 1197, not just that the representations were made. To conclude otherwise is to read the reliance requirement out of the statute altogether. And neither Messler nor our learned colleague has identified any such evidence.

To the extent that Messler raises on appeal her alternative claim that, regardless of the existence of a partnership in fact or by estoppel, Ms. Cotz is jointly liable with Mr. Cotz as a result of the New Jersey Rules of Professional Conduct's prohibition on improperly implying the existence of a partnership, we reject that claim. As the District Court correctly noted, New Jersey law does not recognize as viable "a cause of action based solely on a violation of" such rules. Baxt v. Liloia, 714 A.2d 271, 275 (N.J. 1998).

GREENAWAY, JR., *Circuit Judge*, dissenting.

Because I believe Bonnie Messler has offered sufficient evidence to create a genuine dispute as to a material fact, I dissent. I find the facts asserted by Ms. Messler persuasive with respect to her reliance on the existence of a partnership.

After "calling attorney after attorney after attorney," Ms. Messler was referred "not [to] George Cotz himself, but the law office of Cotz & Cotz" to assist her with an employment related problem. App. 94. She went to the office of Cotz & Cotz, where she met with George Cotz, who told her "[t]hat the law office of Cotz & Cotz, which was Lydia Cotz, would be handling [her] case." App. 95. Ms. Messler signed a retainer agreement on the letterhead of Cotz & Cotz, [1] which listed both George J. Cotz and Lydia B. Cotz, with one email address, one mailing address and one phone number. The majority finds those facts insufficient to demonstrate that Ms. Messler relied on the existence of the firm of Cotz & Cotz in making her hiring decision. I do not.

Although the majority states that they "will assume without deciding that the New Jersey courts would adopt the broad view that Messler must prove reliance only on Mr. Cotz's membership in a partnership and not on Ms. Cotz herself being his partner," Maj. Op. lines 104-07, that is not the rule they apply. Instead, in reaching their conclusion, the

---

[1] Interestingly, at least one other state has concluded that use of an attorney's name on letterhead and real estate settlement statements "estop[] [the attorney] from denying the existence of the partnership." *Myers v. Aragona*, 318 A.2d 263, 268 (Md. Ct. Spec. App. 1974). If we were to look to Maryland for insight into the interpretation of the law, we would be compelled to deny the motion for summary judgment on the merits, not simply because of the factual dispute.

1

majority establishes a requirement that a plaintiff invoking N.J. Stat. Ann. § 42:1A-20 to establish a partnership by estoppel must use the magic word "rely" in their testimony.

As is clear from the facts cited above, Ms. Messler believed she was hiring the law firm of Cotz & Cotz to represent her. Although Ms. Messler never stated "I relied on the existence of Cotz & Cotz in making my decision," the facts she offered demonstrated her reliance. What reasonable person would be referred to a law firm, go to the office of the law firm, and sign a retainer agreement with the law firm, only to think that they were hiring an individual attorney, rather than a law firm?

Apart from my perception that a factfinder could conclude Ms. Messler relied on the existence of Cotz & Cotz in making her hiring decision, cases both from New Jersey and elsewhere indicate that the determination of whether a partnership by estoppel was created should be submitted to a jury. *See, e.g., West Side Trust Co. v. Gascoigne*, 121 A.2d 441, 445 (N.J. Super. Ct. App. Div. 1956); *Reisen Lumber & Millwork Co. v. Simonelli*, 237 A.2d 303, 307 (N.J. Super. Ct. Law Div. 1967); *Embassy of Federal Republic of Nigeria v. Ugwuonye*, 901 F. Supp. 2d 92, 99 (D.D.C. 2012) ("The question whether a partnership existed in fact or by estoppel is a question of fact for the consideration of the jury." (quoting *McBriety v. Phillips*, 26 A.2d 400, 405 (Md. 1942)). Rather than "read[ing] the reliance requirement out of the statute altogether," Maj. Op. n.2, as asserted by the majority, I am simply positing that it is inappropriate for a court to make a factual determination on summary judgment, particularly when the state of New Jersey, among other jurisdictions, has concluded that determining if a partnership by estoppel exists is a question for the factfinder.

Since I conclude that Ms. Messler has offered sufficient evidence to create a factual dispute as to whether or not she relied upon the existence of Cotz & Cotz in making her hiring decision, I cannot join the majority. I therefore dissent.